MICHAEL SWAIN *v.* MATILDA SMITH and another.

When the writ of *recordari* is used as a writ of false judgment, as it may be in this State, upon its return in which the proceedings before the Justice of the Peace are certified, the plaintiff in the writ must assign his errors, and then the proceedings will be the same as in other writs of error.

Where a Justice's judgment is given for the plaintiff and the defendant brings error, there shall only be a judgment to reverse the former judgment, for the writ of *recordari* is only brought to be eased and discharged of that judgment. But, where the plaintiff brings the writ, the judgment, if erroneous, shall not only be reversed, but the Court shall also give such judgment as the Court below should have given; for his writ is to revive the first cause of action, and to recover what he ought to have recovered by the first suit, wherein the erroneous judgment was given.

Where a suit before a Justice is for a money demand, it is erroneous for him after giving a judgment for the amount claimed to add "to be paid in old North Carolina bank money at par, of any bank in the State;" and, upon the return of a writ of *recordari* and the assignment of such error in the Justice's judgment, the Superior Court should not order the case to be placed on the trial docket, but should reverse the judgment, and enter the proper judgment for the plaintiff.

The cases of *Mitchell* v. *Henderson*, 63 N. C. Rep. 643, and *Marsh* v. *Williams*, Ibid 371, cited and approved.

This was a writ of *recordari* in the nature of a writ of false judgment, to reverse a judgment given by a Justice of the Peace, and upon the return of the writ in which the whole proceedings were certified, the plaintiff, who was also the plaintiff in the suit before the Justice, assigned for error that the judgment given by the Justice in his favor for the amount claimed by him had the following words added as a part of it—"to be paid in old North Carolina bank money at par of any bank in the State." At the Fall Term, 1870, of ALEXANDER Superior Court, before his Honor, *Judge Mitchell*, the plaintiff moved to have the case placed on the civil issue docket, which was resisted by the defendants, who moved to dismiss the suit upon the ground that the plaintiff.

had in legal effect the judgment which he sought by his writ. The motion of the defendants was overruled, and that of the plaintiff was granted, whereupon the defendants appealed.

*Folk,* for the defendants.

*Phillips & Merrimon,* for the plaintiff.

DICK, J.   The judgment of the Justice of the Peace was erroneous.   He had no right to adjudge that the plaintiff's debt was " to be paid in old North Carolina bank money at par, of any bank of the State."

These words cannot be rejected as surplusage as they form a material part of the judgment.   The original cause of action was merged in the judgment, and the terms of the contract so changed as to affect injuriously the rights of the plaintiff.   A judgment is the conclusion of law from the facts proved or admitted in the suit, and in money demands must be absolute and in a specified amount.   The plaintiff was entitled to such a judgment, and the law determines how it shall be satisfied. *Mitchell* v. *Henderson,* 63 N. C. 643.

The plaintiff has chosen the proper remedy as the writ of *recordari* is still in force in this State.   *Marsh* v. *Williams,* 63 N. C. 371.

The writ of *recordari* is often used as a writ of false judgment, and lies where an erroneous judgment is given in a Court not of record.   Upon the return of the writ when the whole proceedings are certified, the plaintiff must assign his errors.   When the parties are in Court the subsequent proceedings are the same as upon writs of error.   2 Tidd. 1188.

The nature of the judgment in writs of error is well expressed in *Parker* v. *Harris,* 1 Salkeld 262, and is fully sustained in 2 Saund. R., 101 W. 2 Tidd. 1179.   "Where judgment is given for the plaintiff and the defendant brings error, there shall only be judgment to reverse the former judgment, for the suit is only to be eased and discharged of that

judgment. But where the plaintiff brings error the judgment shall not only be a reversal, but the Court shall also give such judgment as the Court below should have given; for his writ of error is to revive the first cause of action, and to recover what he ought to have recovered by the first suit, wherein the erroneous judgment was given."

These rules decide the case before us and the judgment must be reversed, and an absolute judgment entered in this Court for the amount ascertained to be due by the Justice of the Peace, with interest.

The motion to dismiss was properly disallowed. The motion to place the case on the trial docket was improvidently granted. Each party must pay his own costs in this Court.

PER CURIAM.                    Judgment reversed.