J. R. H. CARMER v. E. B. EVERS and others and THE CITY OF RALEIGH.

*Practice—Recordari—Attachment—Liability of Garnishee.*

1. A writ of *recordari*, although in terms addressed to the sheriff, is legally as sufficient as if formally addressed to the justice who rendered the judgment, after he has yielded obedience thereto and recorded and sent up his proceedings.

2. It is no objection to the docketing of a case upon the return to a writ of *recordari*, that the justice's fees have not been paid; such objection can be urged only by the justice.

3. A failure to give bond on a petition for a *recordari* is remediable, in the discretion of the court, after a return to the writ is made, by the execution of a bond *nunc pro tunc.*

4. A warrant of attachment served upon a debtor of the defendant,

either with or without a certificate given of the amount of indebtedness, is merely a security for such sum as the plaintiff may recover in his action ; it does not subject the garnishee to have judgment taken against him in the pending cause, but only to a separate action for its recovery.

5. On the hearing below, it appeared that a garnishee in an attachment proceeding, appeared before a justice's court upon notice, on November.13th, and denied any indebtedness to defendant ; that on December 10th, without further notice, judgment was rendered against the garnishee, of which he had no knowledge until December 27th, when he sought to arrange for relief with plaintiff's attorney, and thought he had done so ; that on January 3d, he was notified that no arrangement could be made, and on January 7th, he applied to the justice to vacate the judgment, which being denied, he applied on January 10th, for a writ of *recordari ; Held,* that the right of appeal was lost without default on his part, and as he had merits, the writ of *recordari* was properly granted.

(*Swann* v. *Smith*, 65 N. C., 211, cited and approved.)

MOTION to docket the case upon the return to a writ of *Recordari,* heard before *Seymour, J.,* at Spring Term, 1878, of WAKE Superior Court.

The facts necessary to an understanding of the case are as follows, viz.: On August 27th, 1877, the plaintiff sued out an attachment against E. B. Evers, one of the defendants, and service was made by publication ; afterwards M. A. McDonald and the Virginia and North Carolina gas-light company (composed of Evers and McDonald) were made parties to the action by publication. On August 29th the city of Raleigh was garnisheed upon a debt alleged to be due the Virginia and North Carolina gas-light company by notice served upon the mayor, auditor and treasurer of the city, who notified the officer serving the notice that the city was not indebted to the defendants. On November 10th an order was served upon the above-named officers of the city to appear before the justice for examination concerning the alleged indebtedness of the city to the defendants. The said officers appeared before the justice and

testified that the city was not indebted as alleged, but had a release from any and all indebtedness.

On December 10th the justice, without further notice to the city, gave judgment in favor of the plaintiff against the city. The city had no notice of this judgment until December 27th, when the city attorney immediately applied to the attorney for the plaintiff for a correction of the judgment rendered against the city, and thought that the matter was arranged to the satisfaction of both parties. On January 3d he was notified by the plaintiff's attorney that the proposed arrangement could not be consummated, whereupon, on January 7th, he applied to the justice to vacate the judgment against the city, which motion the justice denied. On January 10th the city applied for a writ of *recordari,* which was granted; the writ was directed to the sheriff who served it on the justice and the justice made due return of the proceedings in the case to the superior court.

At spring term, 1878, of the superior court the case was argued upon a motion on behalf of the city to docket the case. The plaintiff resisted the motion upon the following grounds: (1.) Because the writ was not issued to the justice of the peace who tried the case, and plaintiff denied that there was any record before the court. (2.) Because the petitioner did not aver that the justice's fees had been paid. (3.) Because the petitioner did not give the bond required by law. (4.) Because the petition disclosed no merits and the petitioner had not complied with the law.

After hearing the petition, affidavits, &c., the court decided that the objection to the form of the writ was not fatal after the justice had made a regular return, as in this case, and that the objection as to the fees not being paid could not be taken by the plaintiff, it not appearing that the justice required it. The court allowed the bond to be given by the city *nunc pro tunc* and granted the motion, ordering the case

to be placed upon the trial docket of the court. Plaintiff appealed.

*Mr. Armistead Jones*, for plaintiff.
*Messrs. Reade, Busbee & Busbee*, for defendant.

DILLARD, J. On the return of the justice of the peace in answer to the writ of *recordari*, His Honor ordered the cause to be entered on the docket, and from that order the plaintiff appeals and assigns the following errors: 1. Because the writ was not issued to the justice who tried the cause, and there was no record before the court. 2. Because there was no averment in petition of payment of justice's fees. 3. Because the petitioner did not give the bond required by law. 4. Because the petition disclosed no merits and had not complied with the law.

We think there was no error in His Honor's ruling as to these several grounds of error. The writ of *recordari* although not in terms addressed to the justice of the peace was served on him by the sheriff, and the justice having yielded obedience to the writ and recorded and sent up his proceedings, it is legally as sufficient as if formally addressed to him by name or in his official capacity.

There was nothing in the objection of the non-payment of the justice's fee; and the justice, and he alone, had the right to urge and act on it. The failure to give bond as required by law was remediable by the allowance of the court in the exercise of its discretion; and the court having allowed it *nunc pro tunc*, the plaintiff is not injured and has no right to complain.

The warrant of attachment issued in the cause, served by a copy delivered to the city, imposed the duty on the city to give a certificate of its indebtedness to Evers, or either or any of the defendants to the suit; and failing to do so, the legal proceeding was to have up the officers representing

the corporation before the justice of the peace and to examine them on that subject, and in legal effect such examination operated a lien on anything owing by the city to the defendants in the suit, as of the day when the copy of the warrant of attachment was delivered; and thereby prevented any alteration of the state of accounts between the defendants and the city.

A warrant of attachment under our law served on a debtor to the defendant in the suit, either with or without a certificate given of the amount, is merely a security for such sum as the plaintiff may recover. It does not subject such person to have judgment taken against him in the pending cause, but only to a separate action for its recovery in the name of the sheriff or in that of the defendant, subject to the direction of the court, Bat. Rev., ch. 17, § 204, with liberty to the plaintiff to prosecute actions himself, or under his directions, on indemnity given to the sheriff, as provided in section 210 of same chapter. It is manifest from these provisions of the statute that it was never designed that a stranger to the action should be proceeded against otherwise than by a suit in the ordinary way, commenced by summons. Therefore the judgment rendered against the city on the examination of its officers was unauthorized and erroneous.

On the examination had and concluded on the 13th of November, the city left court liable only to be impleaded in a separate action; and not being otherwise connected with the pending cause, its failure to appeal from the judgment rendered on the 10th of December, of which it had no notice actual or constructive, cannot be imputed to it as laches. The statement is that the city had no knowledge of the judgment entered against it until about the 27th of December, when it sought to arrange for relief against it with the plaintiffs, and thought it had done so. But being notified of the rejection of its overtures on the 3rd of January, the

city then moved to vacate the judgment in the justice's court, and that being refused, immediately had recourse to the petition for writ of *recordari* to bring up the case to the superior court. The city had merits, and having lost its right of appeal without any default on its part, the writ of *recordari* was properly granted. The record being sent up, it was the right course to state the case on the docket for a hearing, as on a writ of false judgment. *Swann* v. *Smith*, 65 N. C., 211.

There is no error. Judgment of the court below is affirmed. This will be certified that the cause may be proceeded in as the parties may be advised.

No error.                                    Affirmed.