BAKER, GINSBERG & CO. v. W. A. BELVIN.

(Decided May 24, 1898.)

*Appeal—Practice—Findings by Trial Judge—Garnishment—Judgment of Justice of the Peace, Appeal from.*

1. The findings of fact by the trial judge are not reviewable except in injunction and like proceedings, or on exceptions to findings of fact upon a referee's report upon the ground that there was no evidence.

2. On appeal from the refusal of a motion to set aside a judgment of a Justice of the Peace (from which no appeal was taken within ten days) the only question that can arise is the regularity of the Justice's judgment.

3. Since the enactment of Sections 364—366 of *The Code*, a judgment may be taken against a garnishee, who is found to be indebted to the debtor, in the action to which the garnishment proceeding is ancillary, and it is not necessary to bring a separate action against such garnishee.

4. Where judgment is given against a garnishee in an action against the debtor, it is proper to make an order applying the collections made on such judgment to the judgment obtained, or to be obtained, against the debtor.

CIVIL ACTION tried before *Robinson, J.,* at May Term, 1897, of VANCE Superior Court on appeal from the refusal by a Justice of the Peace of a motion to set aside a judgment rendered by him and on a motion for a *recordari.* The facts are sufficiently stated in the opinion. The action of the Justice of the Peace was affirmed and the *recordari* refused, and defendant appealed.

*Mr. W. B. Shaw* for plaintiffs.
*Mr. T. T. Hicks* for defendant (appellant).

CLARK, J.: Except in injunction proceedings and others of that nature, or on exceptions to findings of

BAKER *v.* BELVIN.

fact upon a referee's report upon the ground that there was no evidence, the findings of fact by the Judge below are not reviewable. (Clark's Code, 2nd Ed., pages 567, 568, and Supplement to same, page 85). We will not look into the conflicting affidavits in a case of this kind, as to which the Court below was as well fitted to come to a correct conclusion upon the facts as the appellate Court, and probably more so, from a better knowledge of the witnesses and the benefit of their presence.

Upon the facts as found by his Honor, it appears that as to each of the three cases, (afterwards by consent consolidated into one in the Superior Court), the Justice of the Peace on August 4, 1896, issued attachments in actions brought against I. Stein, a non-resident debtor, which on August 6, were served on W. A. Belvin, together with a notice (under *The Code*, Section 364,) to appear before the Justice the next day at 10 a. m. and be examined on oath touching any indebtedness by him to I. Stein. In obedience thereto Belvin appeared and was examined on oath, and on his denial an issue was made up (as provided by *The Code*, Section 366). The Justice, upon the evidence, finding that Belvin was indebted to I. Stein in the sum of $550, rendered judgment that the garnishee was liable to plaintiff in each of the three actions in the sums, respectively, of $145.50, $74.47 and $58.50, besides interest and costs in each case. Belvin was present and knew of these adjudications, but took no appeal. Eleven days thereafter, on August 18, Belvin moved before the Justice to set aside the judgments of August 7, which motion was overruled and no appeal was taken. On September 1, the return day of the attachments and warrants, judgments in the said three cases were entered against

I. Stein for the amounts above recited, for which the indebtedness in hands of Belvin had been condemned. On that day Belvin appeared and again moved to set aside the judgments which had been rendered against him on August 7th, which motion was overruled and Belvin appealed to the Superior Court. The Justice further adjudged that the amounts collected on the judgments against Belvin should be applied to the satisfaction of the judgments rendered that day against I. Stein, and from this order Belvin also appealed. I. Stein also appealed from the judgments rendered against him, but subsequently, in open court, through his counsel, withdrew his appeal. Upon the above state of facts the Court held that the judgments of August 7, 1896, were in all respects regular and confirmed the same, with costs of the appeal. Belvin excepted and appealed.

The appeal by Stein having been abandoned and Belvin having appealed only from the judgments against himself, the only question open is the regularity of the judgment of August 7, (*Finlayson* v. *Accident Asso.*, 109 N. C., 196) for, no appeal having been taken within ten days thereafter, the case rests upon Belvin's motion, made 1st September, to set aside the judgment. For this he relies upon *Carmer* v. *Evers*, 80 N. C., 55, which held that judgment could not be rendered against the garnishee in the pending action, but a separate action must be brought in the name of the sheriff or the defendant for the recovery of the debt due by the garnishee to the defendant. This was the law at the time that decision was rendered (Batt. Rev., Ch. 17, Sec. 204) but it was contrary to the spirit of *The Code* system, which is averse to a multiplicity of actions when the whole matter can be more expeditiously and cheaply

settled in one; accordingly *The Code* (Sections 364, 366) brought forward and re-enacted the provisions (formerly in the Revised Code) under which these proceedings were had.   The judgment of August 7, found, on the issue raised, that Belvin was indebted to I. Stein and adjudged that to the extent of the amounts named, in each case less than $200, that indebtedness was liable to plaintiffs—in effect that it was security (*Carmer* v. *Evers, supra*) for such judgments as plaintiffs should recover in those actions.   Belvin did not appeal and is bound by those judgments.   On September 1st, judgments were obtained against I. Stein and he abandoned his appeal, so those judgments are final.   The order applying the collections on Belvin's judgments to judgments obtained against I. Stein was a necessary legal consequence, and was no ground of appeal for Belvin. His only ground of complaint was that the finding August 7 on the issue raised by *The Code*, Section 364, "whether he was indebted to I. Stein" was an erroneous finding.   That was the only matter which touched him.   He did not appeal therefrom in ten days, and in fact he has never appealed.   His motion on September 1 to set aside the judgment and his appeal from the refusal thereof could only bring up the question of the irregularity of the judgment of August 7—and we have seen that it was regular—and could not restore a lost appeal from the judgment as erroneous.   *Finlayson* v. *Acc. Co.*, 109 N. C., 196.   No ground for a *Recordari* was shown.

No error.