Argued and submitted April 2, appeal and cross-appeal dismissed for lack of final
judgment August 11, 1999

Richard ALLEN,
James Anderson, John R. Atkins, David A. Baleria,
Jeanne Burrows, Kenneth R. Curtis,
Steven E. Daniels, Sandra Depiero,
Sandra L. Eccker, Miltona L. Hendrix,
Michel Holloran-Marshall, Brad L. Hope,
Richard C. Kennedy, Robert O. Kennedy,
Susan M. Luttes, Ed Mayer, Ronald D. Parker,
Dewey P. Patten, Danny Lee Penland,
David Roughton, Jeannette M. Sieg, Tenley Tanhoff,
Edward C. Temple, Shirley A. Tolbert,
James L. Vansant, and James N. Warren,
*Respondents - Cross-Appellants,*

*v.*

COUNTY OF JACKSON,
*Appellant - Cross-Respondent.*

COUNTY OF JACKSON,
*Third-Party-Plaintiff-Appellant,*

*v.*

STATE OF OREGON,
*Third-Party-Defendant-Respondent.*

(97-0009-L-1; CA A102891)

986 P2d 612

Jacob Tanzer argued the cause and filed the briefs for appellant.

Gregory A. Hartman argued the cause for respondents. With him on the brief was Bennett, Hartman & Reynolds.

Before Edmonds, Presiding Judge, and Deits, Chief Judge, and Armstrong, Judge.

EDMONDS, P. J.

**EDMONDS, P. J.**

Defendant Jackson County appeals from a judgment that granted summary judgment in favor of plaintiffs. ORCP 47. Plaintiffs cross-appeal. We dismiss the appeal and cross-appeal for lack of a final judgment.

In its brief, defendant provides a summary of undisputed facts that plaintiffs accept. That summary explains the events that led to the dispute between plaintiffs and defendant:

> "In the general election of 1994, the voters of the state enacted Measure 8 which amended the state constitution to require that public employees contribute 6% of their compensation to their retirement accounts and to prohibit public employers from picking up their employees' retirement contributions.

> "On December 7, 1994, after Measure 8 had been approved by the voters but was not yet effective, [defendant] gave all of its employees a raise and began deducting their 6% pension contributions from their pay. The raise for represented employees, pursuant to an amendment of the collective bargaining agreements, was 6%. The raise for supervisory employees (including plaintiffs) was 5.7%.

> "By opinion of June 21, 1996, the Supreme Court in *Oregon State Police Officers v. State of Oregon*, 323 Or 356, 918 P2d 765 (1996)[,] declared Measure 8 unconstitutionally void. On October 8, 1996, pursuant to that decision, [defendant] reinstated its employer payment (referred to as 'pick-up') of its supervisors' pension contributions.

> "Plaintiffs are the Sheriff of Jackson County and the supervisory employees of the Jackson County Sheriff's Office. They are all members of the group which received a 5.7% pay increase. Plaintiffs are suing for the return of their 6% deductions made between December 7, 1994[,] and October 8, 1996, as damages for breach and impairment of their retirement contracts."

Plaintiffs' complaint contains three claims for relief: (1) a claim under 42 USC section 1983 based on an impairment of contract theory under Article I, section 10, of the

United States Constitution; (2) a claim for breach of employment contract; and (3) a claim for wages under ORS chapter 652. Their prayer for relief requests:

"1. That plaintiffs be awarded damages for all amounts improperly withheld from their salary from December 1994 to October 1996 plus statutory interest.

"2. For plaintiffs' reasonable attorney fees and costs and such other relief as the court deemed proper."

Defendant's answer included several affirmative defenses, including "mitigation" of damages, and a third-party complaint against the State of Oregon. After the trial court denied the state's motion to dismiss the third-party complaint, the state, plaintiffs and defendant each filed a motion for summary judgment. Specifically, defendant sought dismissal of plaintiffs' section 1983 claim. Defendant also sought partial summary judgment on the "mitigation" affirmative defense that would have limited "each plaintiff's claim for damages to 0.3% of salary received during the period of alleged breach" based on the wage increase. In addition, defendant sought summary judgment against certain named plaintiffs who, defendant argues, were either hired after "the effective date of Measure 8 and the compensation changes made pursuant to it" or were promoted and had "bargained away their contract right to a county pick-up of their pension contributions and agreed to make the contributions personally." Defendant also asserted that it was entitled to summary judgment on the wage claim "because it is not a wage claim within the statutory meaning" and that the claim was "misconceived and should be dismissed."

Eventually, the trial court dismissed the third-party complaint without prejudice based on a stipulation between defendant and the state. Thereafter, the trial court also entered an order that provided, in part:

"1. Defendant's first motion to dismiss plaintiffs' first claim for relief alleging impairment of contract is DENIED.

"2. Defendant's second motion for partial summary judgment on defendant's affirmative defense of mitigation is DENIED.

"3.    Defendant's third motion for summary judgment in regard to [certain named plaintiffs] is hereby DENIED.

"4.    Defendant's fourth motion for partial summary judgment regarding plaintiffs' claim under the Oregon wage claim statutes is hereby GRANTED.

"5.    Plaintiffs' motion for summary judgment on their remaining claims, alleging impairment of contract and breach of contract, is hereby GRANTED."

The trial court also entered what purports to be a final judgment on all claims without any further proceedings:

"The court having previously granted plaintiff[s'] motion for summary judgment as well as ordering the dismissal of third-party defendant State of Oregon,

"WHEREFORE JUDGMENT IS ENTERED for plaintiffs against defendant as follows:

"1.    Each plaintiff is awarded a judgment against defendant Jackson County for all amounts withheld from their regular salary for the purpose of making pension contributions from December 1994 to October 1996 plus statutory interest from the date of each withholding.

"2.    All claims against third party defendant State of Oregon are dismissed without prejudice.

"3.    Costs are awarded to plaintiffs in the amount of $368.00."[1]

Although plaintiffs complaint sought an award of damages "for all amounts improperly withheld," no "money judgment" was entered.[2]

Defendant appeals[3] and argues, in part, that "damages arising from deductions pursuant to Measure 8, if any, cannot exceed 0.3% of [plaintiffs'] compensation during the effective period of Measure 8." Plaintiffs counter:

"At the time of the passage of Ballot Measure 8, plaintiffs were not required to make any contribution into their

---

[1] Plaintiffs' attorney submitted the judgment.

[2] A notation on the judgment indicates: "NOT DOCKETED AS PER ORCP 70."

[3] After defendant filed its notice of appeal, the trial court entered a supplemental judgment for attorney fees. Thereafter, defendant filed an amended notice of appeal from the original and supplemental judgments.

respective pension plans. [Defendant] began deducting six percent (6%) from each of the paychecks of the plaintiffs in order to comply with the ballot measure. Several months after the Oregon Supreme Court declared Ballot Measure 8 void, Jackson County ceased making deductions from the paychecks of the individual plaintiffs, but refused to refund the amounts improperly withheld.

"The trial court concluded that [defendant] breached its unilateral pension contract with plaintiffs and [defendant] apparently does not contest that finding on appeal. However, [defendant] contends it is entitled to a finding that it mitigated the damage suffered by plaintiffs because of a pay raise it contends was given to offset the effects of Ballot Measure 8. It is the plaintiffs' position that the pay raise was not an offset and [defendant] was improperly shifting part of the economic burden of providing a pension onto the plaintiffs in clear violation of the standard set in *Oregon Police Officers * * *.*"

■    We are unable to reach the merits of the issues framed by the parties because we conclude that the "judgment" from which defendant appeals is a legal nullity. Plaintiffs' complaint requests judgments for money damages as the relief if they prevail on their claims. Under ORCP 67A, a judgment "is the final determination of the rights of the parties in an action[.]" ORCP 70 defines money judgments and provides, in part:

"(A)(2)(a) Money judgments are judgments that require the payment of money, including judgments for the payment of costs or attorney fees. The requirements of this subsection are not jurisdictional for purposes of appellate review. Money judgments shall include all of the following:

"\* \* \* \* \*

"(A)(2)(a)(iii) The amount of the judgment."[4]

---

[1] Although it decided the case before the promulgation of the Oregon Rules of Civil Procedure, the Oregon Supreme Court in *Bell v. State Industrial Acc. Com.*, 157 Or 653, 658, 74 P2d 55 (1937), had to decide "what sort of a judgment must be entered and what are the legal essentials of a valid judgment[.]" The court reasoned:

"'A judgment is a conclusion of law from the facts proved or admitted in the suit, and in money demands must be absolute and in a specific amount.' : *Swain v. Smith*, 65 N. C. 211. In 1 Black on Judgments, (2d Ed.) § 118, the author says:

"'The amount of a judgment must be stated in it with certainty and precision. All judgments must be specific and certain; they must determine the

Here, the "judgment" purports to award each plaintiff "a judgment against defendant * * * for all amounts withheld from their regular salary for the purpose of making pension contributions from December 1994 to October 1996 plus statutory interest from the date of each withholding." It purports to be a judgment for the payment of money. However, it does not comply with ORCP 70 because it does not adjudicate the amounts of the money judgments that plaintiffs seek. Without a legal judgment, we are faced with the issue of what action we should take.

One possible alternative exists under ORS 19.270(4). It provides:

"Notwithstanding the filing of a notice of appeal, the trial court shall have jurisdiction, with leave of the appellate court, to enter an appealable judgment if the appellate court determines that:

"(a) At the time of the filing of the notice of appeal the trial court intended to enter an appealable judgment; and

"(b) The judgment from which the appeal is taken is defective in form or was entered at a time when the trial court did not have jurisdiction of the cause under subsection (1) of this section, or the trial court had not yet entered an appealable judgment."

Here, even if we remanded the case to the trial court under ORS 19.270(4), the summary judgment record, as designated on appeal, does not appear to contain evidence from which the trial court could enter a judgment in the summary judgment proceeding "for all amounts improperly withheld from [plaintiffs'] salary from December 1994 to October 1996 plus statutory interest" as the complaint requests.[5] Moreover, the ruling by the trial court on the summary judgment

rights recovered or the penalties imposed, and be such as the defendant may readily understand and be capable of performing. A judgment, it is said, must be so certain that the clerk can issue an execution by inspection of it, without reference to other entries. Hence a judgment which is uncertain as to the amount which it awards is invalid. For example, a judgment against a garnishee "for the amount of his answer or so much thereof as will satisfy the plaintiff's debt and cost" has been held void for uncertainty. And a finding that a garnishee was liable for one of two amounts, which are to be determined by a further contingency was not considered a judgment at all.' "

*Bell*, 157 Or at 658.

[5] Although there was evidence submitted to the trial court about amounts collected from employees and amounts paid into retirement accounts, that evidence

motion did not determine the entitlement of each plaintiff to money judgments in specific amounts. We do not understand the complaint to seek only a declaration as to the parties' rights. *See* ORS chapter 28. Rather, the complaint makes claims only for money damages. In light of the relief requested in the complaint, no final money judgments within the meaning of ORCP 70 from which an appeal can be taken can occur until such determinations are made. Consequently, relief under ORS 19.270(4) is not available because the judgment is defective in substance rather than form.[6]

Appeal and cross-appeal dismissed for lack of a final judgment.

---

would not appear to allow the trial court to enter money judgments for specific amounts in favor of each plaintiff.

[6] In addition to the failure to adjudicate the amounts for which judgment is entered, the judgment does not appear to dismiss the plaintiffs' wage claim, as the summary judgment order reflects. *See* ORCP 67A; 70A; *see also Emmert Industrial Corp. v. Douglass*, 130 Or App 267, 881 P2d 827, *rev den* 320 Or 325 (1994) (holding that the judgment was not appealable because it "did not resolve all issues as to all parties, and explicitly refused to direct entry of a final judgment under ORCP 67B"). Presumably, that is the kind of defect that could have been addressed under ORS 19.270(4).