Argued and submitted February 10, reversed and remanded for further proceedings
October 8, 1986

In the Matter of the Compensation of
Anita R. Jensen, Claimant.
ROSEBURG LUMBER CO.,
*Petitioner,*

*v.*

LOUISIANA-PACIFIC et al,
*Respondents.*

(84-06246, 84-06245; CA A36251)

726 P2d 383

H. Scott Plouse, Medford, argued the cause and filed the brief for petitioner.

Patric J. Doherty, Portland, argued the cause for respondent Louisiana-Pacific, a foreign corporation. With him on the brief were Dennis R. VavRosky, and Rankin, McMurry, VavRosky & Doherty, Portland.

Jerome F. Bischoff, and Bischoff & Strooband, P.C., Eugene, waived appearance for respondent Anita R. Jensen.

Before Joseph, Chief Judge, and Van Hoomissen and Young, Judges.

JOSEPH, C. J.

## JOSEPH, C. J.

Petitioner seeks review of a Workers' Compensation Board order which affirmed a referee's order that it is responsible for claimant's bilateral hand dermatitis. Petitioner argues that Louisiana-Pacific (L-P), claimant's former employer, is responsible, because she was employed there when she first contracted the dermatitis. On *de novo* review, we reverse.

In early February, 1983, claimant developed blisters, cracking and swelling of her hands while working as a stacker operator for L-P. She filed an occupational disease claim against L-P in April, 1983, and it accepted the claim. She remained off work until her condition cleared up in October, 1983. She did not return to work at that time, however, because of a strike.

In February, 1984, she went to work for petitioner, performing essentially the same job as at L-P. After about one week, the hand blisters and swelling reappeared. She filed an aggravation claim with L-P, which it denied. She then filed an occupational disease claim with petitioner, which denied it.

Claimant's treating physician, Dr. Weiss, reported that the dermatitis she contracted at Roseburg Lumber was "merely a re-exacerbation [*sic*] of a previously acquired condition relating to her employment with Louisiana-Pacific." Dr. Montanaro, who evaluated claimant on behalf of L-P, reported that her underlying condition became manifest at L-P and that the condition which she developed at Roseburg Lumber was a material worsening of the underlying condition. He also concluded that she had not developed any new condition after leaving L-P.[1]

In *SAIF v. Baer,* 60 Or App 133, 652 P2d 873 (1982), a factually similar case, we held that, when the first employer accepted the occupational disease claim for the claimant's dermatitis, when there was no uncertainty as to the date of the onset of the disease and when the evidence showed that chemical exposure at the second place of employment only caused a recurrence of symptoms, the last injurious exposure

---

[1] Montanaro also explained that the nomenclature involved in chronic hand dermatitis can be very confusing. We agree.

rule did not apply and the first employer remained responsible. The general rule articulated by the Supreme Court is that the employer at the time when the condition becomes disabling, is responsible if subsequent exposures merely reactivate symptoms but do not independently contribute to the claimant's condition or disability. *Boise Cascade Corp. v. Starbuck,* 296 Or 238, 244, 675 P2d 1044 (1984); *Bracke v. Baza'r,* 293 Or 239, 646 P2d 1330 (1982).

The referee in this case explained that he understood Montanaro's opinion of causation to be that work conditions at both L-P and petitioner caused a material worsening of an underlying dermatitis condition. We disagree with the referee's perception of the medical testimony. The gist of both Weiss' and Montanaro's reports is that claimant suffered a recurrence of the same dermatitis which she had originally contracted while employed at L-P. Even though Montanaro stated that the condition she developed in petitioner's employment was a material worsening of the underlying condition, he also stated that she did not develop any new condition after leaving L-P. We read his testimony to mean only that the symptoms of the disease which she acquired at L-P became worse at the later employment. Weiss' statements that claimant suffered a "re-exacerbation" or "simply an exacerbation of a previously acquired condition" also say that her condition, which she developed while doing petitioner's work, was nothing more than a recurrence of symptoms from a previously contracted disabling disease.

Reversed and remanded for further proceedings.