Argued and submitted November 29, 1982, reversed and remanded May 25, reconsideration denied July 22, petition for review denied September 27, 1983 (295 Or 730)

In the Matter of the Compensation of
Margaret L. Harris, Claimant.

UNITED PACIFIC INSURANCE COMPANY,
*Petitioner,*

*v.*

HARRIS et al,
*Respondents.*

(80-02418, 80-06627; CA A24835)

663 P2d 1307

Brian L. Pocock, Eugene, argued the cause for petitioner. With him on the brief was Cowling, Heysell & Pocock, Eugene.

Stephen R. Frank, Portland, argued the cause for respondent Aetna Insurance Company. With him on the brief was Tooze, Kerr, Marshall & Shenker, Portland.

Garry L. Kahn, Portland, waived appearance for respondent Margaret Harris.

Before Richardson, Presiding Judge, Joseph, Chief Judge, and Van Hoomissen, Judge.

JOSEPH, C. J.

## JOSEPH, C. J.

 The issue in this Workers' Compensation case is which of two successive insurance carriers is responsible for disability benefits for claimant's occupational disease.[1] The referee and the Board held the second insurer responsible. We reverse and remand.

The facts are uncontested. Claimant, a 47-year old woman, first suffered severe low back pain in 1970 while working at a laundry. She was hospitalized, and a lumbar laminectomy was performed. She received a permanent partial disability award. She continued working in hotels and restaurants despite her back problem. In 1973, she suffered an episode of back pain while making a bed. Her problem was diagnosed as chronic low back strain with lumbosacral disc degeneration. After physiotherapy, she substantially recovered and suffered no significant back problems after February, 1974.

Claimant began working for employer, a restaurant operation, in April, 1978. She was responsible for making salads and setting up the food line, which involved lifting large quantities of food. In September, 1979, the restaurant began a $1.99 lunch special, and that increased the weight of materials involved in claimant's work. Over the next three months, she developed left leg numbness and tingling and low back pain and numbness, but she continued on the job. The restaurant manager was aware of her back problems and sometimes helped her lift heavy items.

---

[1] Citing ORCP 9A, Aetna moved to dismiss United Pacific's petition for judicial review on the ground that Aetna's attorneys were not served with a copy of the petition. That motion was denied. In its brief, Aetna renews the motion. Although ORS 656.298(3), the statute controlling judicial review in Workers' Compensation cases, requires that a notice of appeal be sent to all *parties,* it does not *require* that it be sent to all *attorneys* representing the parties.

Aetna also argues that the petition should be dismissed because it does not set out verbatim the pertinent portions of the record as required by ORAP 7.19, which states in part:

"An assignment of error must be specific and must set out verbatim the pertinent portions of the record, *if it relates to a specific ruling of the court."* (Emphasis supplied.)

That rule does not apply in this case.

On December 18, 1979, claimant visited Dr. Rockey, who referred her to Dr. Englander. When she visited Dr. Rockey, Aetna Insurance Company was on the risk. However, on January 1, 1980, the restaurant changed insurance carriers to United Pacific Insurance Company. Claimant saw Dr. Englander on January 8, 1980. He instructed her to continue with an exercise program that she had begun three weeks earlier and treated her conservatively on an out-patient basis. She continued her regular work. Later in January claimant again saw Dr. Englander, who diagnosed a recurrent lumbar strain or a herniated disc. He told her to leave work, because conservative treatment had not succeeded in improving her symptoms.

She was hospitalized for further conservative treatment for her condition, by then diagnosed as lumbosacral strain. She gradually improved and was discharged in February. She was eventually released for full-time work with no lifting over 20 pounds, but with a recommendation that she change jobs.

The referee characterized claimant's condition as an occupational disease. The Board agreed, and neither party challenges that characterization. (*But see Donald Drake Co. v. Lundmark,* 63 Or App 261, 663 P2d 1303 (1983).) Compensability is not in issue.

Dr. Englander provided the only medical opinion regarding the contribution of claimant's employment to her back condition. He said that her condition had stabilized in December, 1979, and had remained essentially the same when he told her to stop work in January, 1980. He did not think that her employment after January 1, 1980, contributed to or affected her condition, but he admitted that it was "conceivable" that it had. Because of that possibility, the referee and the Board concluded that the "last injurious exposure" rule applied and that United Pacific, which was on the risk at a time when claimant's employment *could have contributed* to her disabling disease, was responsible.

Two conditions must be met for the assignment of responsiblity to a carrier under the "last injurious exposure"

rule.[2] Not only must the carrier be on the risk at the time working conditions were such that they *could have contributed* to claimant's disability, but claimant must also *have become disabled* during that time. *Bracke v. Baza'r, Inc.,* 293 Or 239, 247-249, 646 P2d 1330 (1982).

■ The decisive question then is when claimant became disabled. She sought medical treatment in December, 1979, for a condition which thereafter remained unchanged until she left work in January, 1980. Thus, in December, 1979, she was afflicted with a condition that had required medical treatment for symptoms that had interfered with her ability to work. She was disabled at that time, and the insurer then on the risk is responsible. *See Bracke v. Baza'r, Inc., supra,* 293 Or at 243-244; *see also SAIF v. Baer,* 60 Or App 133, 652 P2d 873 (1982).

Reversed and remanded for entry of an order that Aetna Insurance Company is responsible for claimant's occupational disease.

---

[2] The "last injurious exposure" rule applies to successive insurers of the same employer, as well as to successive employers. *Bracke v. Baza'r, Inc., supra,* 293 Or at 244 n 2.