Argued and submitted February 25, 1983, petition for
judicial review dismissed March 7, 1984

KNAPP,
*Petitioner,*

*v.*

EMPLOYMENT DIVISION,
*Respondent.*

(82-AB 381; CA A24497)

677 P2d 738

Michael R. Lehman, Coos Bay, filed the brief for petitioner.

William F. Nessly, Jr., Assistant Attorney General, Salem, argued the cause for respondent. With him on the brief were

Dave Frohnmayer, Attorney General, Stanton F. Long, Deputy Attorney General, and William F. Gary, Solicitor General, Salem.

Before Gillette, Presiding Judge, and Warden and Young, Judges.

WARDEN, J.

## WARDEN, J.

Petitioner seeks review of an Employment Appeals Board order denying her request for a base year extension. We dismiss for lack of jurisdiction.

A hearing on petitioner's claim was held on December 26, 1981. On January 8, 1982, the referee entered an order denying petitioner's request. Petitioner appealed that order to EAB. On March 30, 1982, EAB issued an order finding that "there is substantial evidence to support the findings of fact and to reach the conclusion and reasons as set out by the referee" and affirming the referee's decision. On April 28, 1982, petitioner filed a petition for judicial review and subsequently submitted a brief. While the petition was pending in this court, EAB withdrew its order of March 30 for reconsideration. ORS 183.482(6).[1] On August 20, 1982, it issued an order on reconsideration, making its own findings, conclusions and reasons and affirming its earlier decision.

■ Although the issue of jurisdiction was not raised by either party, this court is required to determine initially whether it has jurisdiction. *Northern Ins. Co. v. Conn Organ,* 40 Or App 785, 791, 596 P2d 605, *rev den* 287 Or 507 (1979).

■ A party to an agency proceeding is entitled to judicial review of a final agency order. ORS 183.480. Under ORS 183.482(6), an agency may withdraw its order for purposes of reconsideration and may affirm, modify or reverse it; if the petitioner is dissatisfied with the agency action after reconsideration, the petitioner may file an amended petition for review and the review shall proceed upon the revised order which is the final order for purposes of judicial review.[2]

---

[1] ORS 183.482(6) provides:

"At any time subsequent to the filing of the petition for review and prior to the date set for hearing the agency may withdraw its order for purposes of reconsideration. If an agency withdraws an order for purposes of reconsideration, it shall, within such time as the court may allow, affirm, modify, or reverse its order. If the petitioner is dissatisfied with the agency action after withdrawal for purposes of reconsideration, he may file an amended petition for review and the review shall proceed upon the revised order."

[2] ORS 183.482(5) provides another method by which a contested case may be returned to an agency after the filing of a petition for judicial review. Under it "the court may order that additional evidence be taken before the agency * * *," and the agency may modify its order. Judicial review may then proceed without the filing of an amended petition.

■    After EAB's August 20, 1982, order on reconsideration, petitioner did not file an amended petition for review but only a motion for resubmission of her original brief. Her motion for resubmission did not contain the requisite elements of a petition for review. There having been no timely petition for review of the final order, we do not have jurisdiction.[3]

Petition for judicial review dismissed.

---

[3] Petitioner originally filed a petition for judicial review on April 28, 1982. It sought review of "the findings of fact and final order of Hearing Officer [sic] for the Employment Division * * * dated January 8, 1982." The order of the referee, addressed by the petition, is not a final order subject to judicial review; however, a copy of the Employment Appeals Board's order of March 30, 1982, was attached to the petition. Because we find that petitioner failed to seek review of the Board's final order on reconsideration, we do not decide whether this court would have had jurisdiction if the March 30, 1982, order had not been withdrawn.