Argued and submitted November 6, 1987, remanded to referee (90 Or App 450, 752 P2d 1246), affirmed August 3, 1988

In the Matter of the Compensation of
Dennis Berliner, Claimant.

**BERLINER,**
*Petitioner,*

*v.*

**WEYERHAEUSER COMPANY,**
*Respondent.*

(WCB 85-12191; CA A43382)

758 P2d 384

James L. Edmunson, Eugene, argued the cause for petitioner. With him on the brief were Karen M. Werner and Malagon & Moore, Eugene.

Paul Roess, Coos Bay, argued the cause for respondent. With him on the brief was Foss, Whitty & Roess, Coos Bay.

Before Warden, Presiding Judge, and Joseph, Chief Judge,* and Van Hoomissen, Judge.

JOSEPH, C. J.

---

* Joseph, C. J., *vice* Young, J., deceased.

## JOSEPH, C. J.

This case is before us after a remand to the referee for evidence taking. *Berliner v. Weyerhaeuser Company,* 90 Or App 450, 752 P2d 1246 (1988). The initial issue is whether the Workers' Compensation Board had authority to republish its October 8, 1986, order. We conclude that the Board had that authority and that, therefore, we have jurisdiction. On the merits, we affirm the Board.

█    We address the jurisdiction issue first. The facts and the procedural history are in our initial opinion and need not be restated here. The evidence taken by the referee on remand about whether the Board mailed its order of October 8, 1986, to claimant[1] consists primarily of the testimony of two persons who were on the Board when it republished the order. The essence of the evidence is that the Board followed regular, consistent, albeit informal, procedures in mailing documents but had no method of verifying whether those procedures were followed in a given case. The Board members testified that they believed that the procedures had not been followed completely, resulting in the October, 1986, order not being mailed, because they believed the affidavits of claimant and his attorney that they did not *receive* copies of the order.

We, and respondents for that matter, also believe the affidavits of claimant and his attorney, but the issue is whether the order was *mailed.* There are two possibilities. The first is that the Board mailed the order, but the post office failed to deliver it. If that is true, the Board lacked jurisdiction to republish, and we lack jurisdiction to review, because the order became final 30 days after it was mailed. ORS 656.295(8). It stretches credulity too much, however, to believe that the Board mailed two copies of the order,[2] one to claimant and one to his attorney, and that the post office lost *both* of them, while it was successfully handling the mailings to the other side. The more likely possibility is that the Board did not mail copies to claimant or to his attorney, even though they were mailed to employer and its attorney.

---

[1] Claimant is the only *party* claiming that he did not receive the order; his attorney asserts that he did not receive it either.

[2] Although only claimant's copy of the order is at issue, the order contains a paragraph stating that the order was sent to claimant and to his attorney.

Although we presume that the Board's duty to mail and the Board's usual course of business were followed, OEC 311(1)(j); OEC 311(1)(m), we find that the presumptions have been overcome and that the 1986 order was not mailed to claimant. Accordingly, the Board acted properly in republishing the order, and we have jurisdiction over the petition for review.

■     We turn to the merits. The issue is whether a self-insured employer may set off from a permanent partial disability award a previous overpayment of temporary total disability when the determination order authorized a set off, but the referee's order made no mention of it.

Claimant suffered compensable injuries in 1975; he was unable to work until August, 1983. Employer continued to pay temporary total disability benefits after he returned to work, and claimant accepted them. An overpayment of approximately $7,000 resulted. On March 23, 1984, employer informed claimant that it would request authorization to set off the overpayment against any permanent partial disability award.

The Evaluation Division closed the claim by a determination order on December 17, 1984, which awarded 30 percent scheduled permanent partial disability and five percent unscheduled permanent partial disability and allowed employer to deduct "overpaid temporary disability, if any, from unpaid permanent disability." The total value of the determination order award was $4,370. Employer deducted all of it and informed claimant and his attorney that it was doing so. It also informed them, by letter, that there was a remaining overpayment balance of approximately $2,700. The letter did not mention anything about future set offs.

Claimant appealed the determination order. The *only* issue at that hearing was the extent of permanent disability. The set off issue was not raised by either party. The referee increased the award by approximately $2,000, and that award was not appealed to the Board.[3] Employer set off $2,000 of the

---

[3] The referee increased the permanent partial disability award by $2,700, but 25 percent of that was awarded to claimant's attorney as attorney fees. Thus, approximately $2,000 was payable to claimant.

remaining overpayment balance against that increase. Claimant requested a hearing. The referee ruled that employer had no authority to set off the $2,000, but the Board reversed. It held that the set off was permissible, because the determination order authorization continued in effect until the whole overpayment was recovered.

Employers and insurers cannot set off overpayments without authorization from the Division, a referee or the Board. *Spivey v. SAIF,* 79 Or App 568, 571, 720 P2d 755 (1986); *Forney v. Western States Plywood,* 66 Or App 155, 160, 672 P2d 1376 (1983), *aff'd* 297 Or 628, 686 P2d 1027 (1984); *see* ORS 656.268(4).[4] No statute, rule or previous case addresses the issue of whether an authorization continues when an award is later increased.

We agree with the Board that the authorization continues in effect unless and until it is revoked[5] or until the overpayment is wholly recovered. Previous cases discussing set off problems concern maintaining control of set offs by the Workers' Compensation Department, rather than by employers or insurers. *See, e.g., Spivey v. SAIF, supra,* 79 Or App at 571; *Wilson v. SAIF,* 48 Or App 993, 997, 618 P2d 473 (1980). That concern is not involved here. Having the authorization remain in effect insures that a claimant will not receive more than he is entitled to receive. Claimant argues that it was incumbent on employer to request a specific new authorization if it intended to continue to set off the overpayment. The determination order authorized a deduction from "unpaid permanent disability." That is exactly what employer did. If claimant disagreed with the authorization, *he* should have raised *that* issue appropriately.[6]

Affirmed.[7]

---

[4] After January 1, 1988, an insurer's notice of closure and determination may include adjustments to account for overpayments. Or Laws 1987, ch 884, § 10(10).

[5] We need not determine in this case either the circumstances under which or by whom an authorization may be revoked.

[6] Claimant also argues that the referee's order superseded the determination order and that, therefore, the determination order was no longer in effect when employer took the set off. The referee's order superseded the determination order only as to the issues which the referee addressed. Claimant's appeal raised only the extent of disability. On all other issues, the determination order remained in effect.

[7] Claimant's remaining arguments lack merit.