On petitioner - cross-respondent's motion for remand filed April 8, motion denied
August 10, 1988

In the Matter of the Compensation of
Charles H. Whiddon, Claimant.

## UNITED FOAM CORP.,
*Petitioner - Cross-Respondent,*

*v.*

## WHIDDON,
*Respondent - Cross-Petitioner,*

## BERTSECH MOBIL et al,
*Respondents - Cross-Respondents.*

(WCB Nos. 85-14081; 85-14106; CA A46136)

758 P2d 435

Patric J. Doherty and E. Kimbark MacColl, Jr., Portland, for motion.

Robert K. Udziela, and Pozzi, Wilson, Atchison, O'Leary & Conboy, Portland, on respondent - cross-petitioner's response to motion.

Darrell E. Bewley, Assistant Attorney General, and Dave Frohnmayer, Attorney General, and Virginia L. Linder, Solicitor General, Salem, for respondents - cross-respondents.

Before Warden, Presiding Judge, and Joseph, Chief Judge, and Warren, Judge.

PER CURIAM

## PER CURIAM

Petitioner has moved for a remand to the Workers' Compensation Board for consideration of new evidence. SAIF objects on the ground that the law does not provide for a remand.

Before the effective date of Or Laws 1987, ch 844, § 12(a), ORS 656.298(6) read:

"The court may remand the case to the referee for further evidence taking, correction or other necessary action. However, the court may hear additional evidence concerning disability that was not obtainable at the time of hearing * * *."

The 1987 act deleted that language and provided instead that "[r]eview shall be as provided in ORS 183.482(7) and (8)." Under the Administrative Procedures Act, remand for additional evidence taking is provided for in ORS 183.482(5). However, there is no specific provision for such a remand under the amended version of ORS 656.298(6).[1] Claimant suggests that, review of compensation cases now being governed by ORS 183.482(7) and (8), remand under ORS 183.482(5) should be allowed as part of that review scheme. However, the legislature eliminated a specific provision for remand and replaced it with only a specific reference to specific parts of the APA and without a reference to ORS 183.482(5). We conclude that the legislature intended only what it expressly said.

Motion denied.

---

[1] The amended version of the statute applies to all petitions for judicial review filed after July 20, 1987. *Armstrong v. Asten-Hill,* 90 Or App 200, 205, 752 P2d 312 (1988). This case was filed in November, 1987.