Neal M. NIDA
and Cheryl A. Nida,
dba 60 Minute Tune,
*Petitioners,*

*v.*

BUREAU OF LABOR
AND INDUSTRIES
and William Melton,
*Respondents.*

(23-90; CA A65774)

826 P2d 1045

John M. Petshow and Bullock and Regier, Portland, for the petition.

Dave Frohnmayer, Attorney General, Virginia L. Linder, Solicitor General, and John Reuling, Assistant Attorney General, Salem, *contra.*

No appearance for respondent Melton.

Before Rossman, Presiding Judge, and Riggs and Edmonds, Judges.

ROSSMAN, P. J.

## ROSSMAN, P. J.

Employers seek Supreme Court review of our order dismissing their petition for judicial review. We allow reconsideration, ORAP 9.15(1), and vacate the order of dismissal.

The issue is whether, under the Administrative Procedures Act, ORS chapter 183, if a petition for review is filed and the agency then withdraws its order and issues an order on reconsideration, the petitioner must file an amended petition for judicial review.

On May 14, 1990, the Commissioner of the Bureau of Labor and Industries (BOLI) issued an order holding that employers had engaged in an unlawful employment practice. Employers timely petitioned for judicial review and, in due course, filed their brief. Thereafter, BOLI withdrew its order for the purpose of reconsideration "in light of the contentions made by [employers] in their brief [to the Court of Appeals]." On March 8, 1991, BOLI issued an "Amended Final Order." Employers filed an amended petition for judicial review, but it was untimely and, by order dated July 17, 1991, we dismissed the judicial review.[1]

Employers contend that, whether or not their amended petition was timely, we should not have dismissed the review because, under a 1989 amendment to ORS 183.482(6), they were not required to file an amended petition. At the pertinent time, ORS 183.482(6) provided:

"At any time subsequent to the filing of the petition for review and prior to the date set for hearing the agency may withdraw its order for purposes of reconsideration. If an agency withdraws an order for purposes of reconsideration, it shall, within such time as the court may allow, affirm, modify or reverse its order. If the petitioner is dissatisfied with the agency action after withdrawal for purposes of reconsideration, the petitioner may refile the petition for review and the review shall proceed upon the revised order. *An amended petition for review shall not be required if the agency, on reconsideration, affirms the order or modifies the order with only minor changes.*" (Emphasis supplied.)

---

[1] Employers do not contend that the amended petition was timely.

The emphasized sentence was added in 1989. Or Laws 1989, ch 453, § 1.

ORAP 4.35(4)(a) provides:

"After the filing of an order on reconsideration, if the petitioner desires judicial review of the order on reconsideration, the petitioner shall file an amended petition for judicial review within a period equal to that allowed for filing an original petition." (Footnote omitted.)

ORAP 4.35(4)(a) is consistent with the previous version of ORS 183.482(6), which required filing an amended petition for judicial review if the petitioner remained dissatisfied with the agency's order on reconsideration, but made no exception for orders on reconsideration that made only "minor changes" in the original order. The rule is also consistent with the holding in *Knapp v. Employment Division*, 67 Or App 231, 677 P2d 738 (1984), that the filing of the amended petition must be timely. However, contrary to ORAP 4.35(4)(a) and *Knapp*, the 1989 amendment forbade dismissal of this petition if BOLI's order on reconsideration affirms the original order or modifies the original order with only minor changes.

BOLI's order on reconsideration reaches the same result as the original order. In both orders, it held that employers had engaged in unlawful employment practices, assessed damages of over $7,500, plus interest, and ordered employers to cease and desist from engaging in the specified unlawful employment practices. In the original order, BOLI found that employers were in default for having failed to file a timely answer to the charges and denied relief from default. The order on reconsideration includes approximately four additional pages devoted to the default issue. The changes went to the heart of employers' arguments on judicial review, but did not alter the substance of the original decision by making new findings or applying a different legal theory.

In its original order, BOLI made a finding that the employee whose discharge had given rise to the unlawful employment practice charge had been fired after telling employers that he had called the Occupational Safety and Health Agency (OSHA). In its order on reconsideration, BOLI added an "ultimate finding" concerning the circumstances of

the unlawful employment practice that simply restated the finding made in the original order; it added nothing to the original decision.

In short, although the text has been expanded and the pages have been renumbered, the facts, analysis and result all remain the same. We conclude that the changes to BOLI's original order were "minor," within the meaning of ORS 183.482(6). Accordingly, we hold that employers were not required to file an amended petition for judicial review.

Reconsideration allowed; order of dismissal vacated; review reinstated.