In the Matter of the Petition of

Cindy Lou PEASE,
dba Evans Farms,
*Petitioner,*

*v.*

The Filings of the
NATIONAL COUNCIL ON
COMPENSATION INSURANCE,
*Respondent below,*

*and*

SAIF CORPORATION,
*Respondent.*

(91-01-014; CA A69128)

830 P2d 605

J. Michael Alexander, Salem, argued the cause for petitioner. With him on the brief was Burt, Swanson, Lathen, Alexander & McCann, Salem.

John T. Bagg, Assistant Attorney General, Salem, argued the cause for respondent. With him on the brief were Dave Frohnmayer, Attorney General, and Virginia L. Linder, Solicitor General, Salem.

Before Buttler, Presiding Judge, and Deits and De Muniz, Judges.

BUTTLER, P. J.

### BUTTLER, P. J.

SAIF, the workers' compensation insurer for Cindy Lou Pease (petitioner), conducted premium audits of petitioner's account for 1988 and 1989. It sent final premium audit billings for both years, assessing additional premiums in excess of $30,000. The billings were received by petitioner on July 7, 1990. Petitioner filed an appeal with the Insurance Division of the Department of Insurance and Finance (Division) on September 10, 1990. Division dismissed the appeal as untimely, and petitioner seeks review.

ORS 737.505(4) provides:

"Appeals to the director pursuant to ORS 737.318 with regard to a final premium audit billing must be made within 60 days after receipt of the billing."

Petitioner concedes that that statutory provision controls in this case and that its appeal to Division was filed more than 60 days after the date it received the billing. Petitioner's only contention is that the 60-day limitation set out in the statute is not "jurisdictional" but is "akin to those applicable to pleading responses and is thus subject to appropriate accommodation."

Petitioner cites by analogy sections of the Uniform Model Rules of Procedure under the Administrative Procedures Act. OAR 137-03-075(1) provides that, when an *agency* has given a party an opportunity to request a hearing and the party fails to do so within a specified time, the agency may enter an order of default. The rule treats an untimely request for hearing much as ORCP treats a failure to answer in a civil case and provides for relief from default by a showing of mistake, inadvertence, surprise or excusable neglect. *See* OAR 137-03-075(7)(a). Petitioner contends that the same rule should apply here and that, "[a]bsent an intent to treat the mailing of a final premium audit billing as something other than an initial *agency* determination, and absent any indication of a jurisdictional prerequisite for timely appeal, it would seem clear that no such jurisdictional effect was intended."

The problem with petitioner's analogy is that the circumstances are not analogous. The 60-day period is not an

*agency* imposed limitation; it is statutory. ORS 737.318 provides for an appeal from a final billing audit, and ORS 737.505(4) says that the appeal *must* be made within 60 days after receipt of the billing. Also, unlike in other contexts, the legislature has not chosen to provide a way around the limitation for those who were unable to meet it for some reason. *See, e.g.*, ORS 656.319(1)(b). We conclude that, whether or not the limitation is characterized as "jurisdictional," Division properly dismissed the appeal as untimely.

Affirmed.