Argued and submitted October 30, reversed and remanded for reconsideration
December 30, 1992

In the Matter of the Compensation of
Thomas E. Edison, Claimant.

## SAIF CORPORATION
and Judicial Department,
*Petitioners,*

*v.*

Thomas E. EDISON,
*Respondent.*

(90-12890; CA A73734)

844 P2d 261

Michael O. Whitty, Special Assistant Attorney General, Salem, argued the cause for petitioners. With him on the brief were Charles S. Crookham, Attorney General, and Virginia L. Linder, Solicitor General, Salem.

Kevin Keaney, Portland, argued the cause for respondent. With him on the brief was Pozzi, Wilson, Atchison, O'Leary & Conboy, Portland.

Before Buttler, Presiding Judge, and Richardson and De Muniz, Judges.

BUTTLER, P. J.

## BUTTLER, P. J.

Employer seeks review of an order of the Workers' Compensation Board holding that claimant's injury claim for a stroke is compensable, contending that the request for hearing was untimely or, if timely, that the Board applied an incorrect standard of proof.

Claimant is an Oregon circuit court judge.[1] He suffered a stroke one day after conducting a stressful telephone conference with an attorney. The record shows that he also suffered from a preexisting cardiovascular condition. He filed a claim for compensation, which employer denied by letter mailed on April 16, 1990. Claimant received the letter on April 17, 1990. The 60th day after the mailing of the letter was June 15, 1990. The 60th day after claimant's receipt of the letter was June 16, 1990, a Saturday. Claimant filed his request for hearing on Monday, June 18, 1990.

Until 1990, ORS 656.262(8) provided:

"If an insurer * * * denies a claim for compensation, written notice of such denial * * * shall be given to the claimant. * * * *The worker may request a hearing on the denial at any time within 60 days after the mailing of the notice of denial pursuant to ORS 656.319.*" (Emphasis supplied.)

ORS 656.319(1)(a) provides:

"A request for hearing is filed not later than the 60th day after the claimant was *notified* of the denial." (Emphasis supplied.)

A potential conflict existed in the statutes as to whether a claimant had 60 days from the date of mailing of the denial, as provided in ORS 656.262(8), or 60 days from the date of receipt of notice of the denial, as suggested in ORS 656.319(1)(a). In *Norton v. Compensation Department*, 252 Or 75, 448 P2d 382 (1968), the Supreme Court reconciled the two statutes by holding that "mailing" as used in ORS 656.262(8) (then numbered ORS 656.262(6)) equals "notice" as used in ORS 656.319(1)(a), concluding that, with limited exceptions, a claimant had 60 days after mailing of the denial to request a hearing.

---

[1] No question is raised as to whether elected officials are subject workers.

In 1990, the legislature amended ORS 656.262(8) by changing the emphasized language to read: "The worker may request a hearing *pursuant to ORS 656.319.*" (Emphasis supplied.) The amended version is applicable here. Claimant contends that, by deleting the reference to mailing from ORS 656.262(8) but retaining the reference to notice in ORS 656.319(1), the legislature intended to overrule *Norton* and to give the claimant 60 days from the date of *receipt* of actual or constructive notice of the denial within which to file a request for hearing. That is not a necessary reading of the statutes. ORS 656.319 still provides, as it did at the time of the *Norton* decision, that the claimant must request a hearing not later than 60 days after notification of the denial. *Norton* provides that notification occurs when the denial is mailed. The change in the statute does not necessarily show an intention to change that rule, although it is questionable whether the legislature would have amended the statute unless it intended the change to make a difference.

The ambiguity created by the amendment is resolved by reference to the legislative history, which shows that the legislature deleted the mailing language from ORS 656.262(8) in order to make notification contingent on actual or constructive receipt of the denial. Interim Special Committee on Workers' Compensation, May 3, 1990, Tape 3, Side A at 40.

■ The 60th day for filing a request for hearing was Saturday, June 16, 1990. Because the 60th day fell on a Saturday, claimant had until the following Monday within which to file a claim. *See* ORS 174.120; ORCP 10A. Claimant's request for hearing, filed on Monday, June 18, was timely.

■ We conclude, however, that the Board did not consider this claim under the appropriate statute. ORS 656.005 (7)(a) provides, in part:

"(A) No injury or disease is compensable as a consequence of a compensable injury unless the compensable injury is the major contributing cause of the consequential condition.

"(B) If a compensable injury combines with a preexisting disease or condition to cause or prolong disability or a need for treatment, the resultant condition is compensable

only to the extent the compensable injury is and remains the major contributing cause of the disability or need for treatment."

The referee considered only subparagraph (A) and concluded that it is inapplicable. Clearly, it is not applicable; claimant's injury is not a consequence of a preexisting compensable injury. Although employer argued that subparagraph (B) was applicable, the referee did not consider it. The Board adopted the referee's findings and decision on this question without discussion. Given the record and, because employer has argued all along that the claim should be considered under ORS 656.005(7)(a)(B), the case must be remanded for reconsideration. *See Tektronix, Inc. v. Nazari,* 117 Or App 409, 844 P2d 258 (1992).

Reversed and remanded for reconsideration.