Argued and submitted July 14, appeal dismissed September 14, petition for review denied November 1, 1994 (320 Or 325)

EMMERT INDUSTRIAL CORPORATION,
an Oregon corporation,
*Respondent,*

*v.*

Robert E. DOUGLASS
and Bronwyn Douglass,
husband and wife,
*Appellants,*

*and*

Calvin DOUGLASS
and David Douglass,
*Defendants.*

(C92-0917CV; CA A81206)

881 P2d 827

Alan M. Spinrad argued the cause for appellants. With him on the briefs was Samuels, Yoelin, Weiner, Kantor & Seymour.

David N. Allen argued the cause for respondent. With him on the brief was Frank G. Patrick.

Before Warren, Presiding Judge, and Edmonds and Landau, Judges.

WARREN, P. J.

## WARREN, P. J.

Defendants[1] appeal from an order vacating a summary judgment in their favor on plaintiff's claim for breach of contract. We dismiss, because the order is not appealable.

Plaintiff's complaint alleged two claims, breach of contract and conversion. Defendants moved for summary judgment on the breach of contract claim, which the trial court granted. On March 12, 1993,[2] the court entered a judgment dismissing that claim. The judgment recited:

> "This is not a final judgment pursuant to ORCP 67B. Any and all decisions with regard to attorney's fees and costs shall await the entry of final judgment. This is *not* a final judgment for purposes of appeal." (Emphasis in original.)

On June 11, plaintiff moved for relief from judgment.[3] The trial court granted the motion, because it concluded that there were disputes about material facts and, therefore, it had erred in granting the summary judgment. It is from the order granting plaintiff's motion for relief from judgment that defendants appeal.

Although the parties do not raise the issue, our first inquiry is whether the order appealed from is appealable. We are required to consider our jurisdiction even if neither party raises the question.

In *Carter v. U.S. National Bank*, 304 Or 538, 747 P2d 980 (1987), the Supreme Court held that an order granting the plaintiff's motion to reconsider a previously granted motion for summary judgment was appealable under ORS 19.010(2)(d) as an "order setting aside a judgment and granting a new trial." That holding does not provide a basis for allowing the appeal in this case. Our review of the complaint and judgment in *Carter* reveals that the summary judgment that was set aside was a final judgment on a single

---

[1] The only defendants who are parties to this appeal are Robert E. Douglass and Bronwyn Douglass.

[2] It is not clear from the trial court record when the judgment was entered; it merely shows that it was signed and filed on March 9, 1993. Because plaintiff does not dispute defendants' statement that the judgment was entered on March 12, and because it does not affect our decision, we accept that as the date of entry.

[3] The trial court had denied an earlier motion for relief from the judgment.

claim. Here, in contrast, the summary judgment that was set aside decided only some of the claims and was not final.

A judgment, for purposes of the ORCP, "is the final determination of the rights of the parties in an action * * *." ORCP 67A. When fewer than all claims are determined, "the order or other form of decision is subject to revision at any time before the entry of judgment adjudicating all the claims and the rights and liabilities of all the parties," unless the trial court expressly directs entry of a final judgment on some of the claims. ORCP 67B.

In this case, the judgment that was set aside was not final and appealable. The court's judgment did not resolve all issues as to all parties, and explicitly refused to direct entry of a final judgment under ORCP 67B. That left the summary judgment on the contract claim subject to revision at any time. Because that determination was not final, the order setting it aside was also not appealable.

Our conclusion is consistent with the purpose of prohibiting interlocutory appeals, which is to conserve appellate court time by barring decisions that may become unnecessary because of further action of the court that is required to dispose of the case. *See Lulay v. Earle v. Wolfer*, 278 Or 511, 564 P2d 1045 (1977).

Appeal dismissed.