On respondents SAIF and Oregon Parks and Recreation's Motion to Dismiss Petitions for Judicial Review and Summarily Affirm the Board's Order Denying Reconsideration filed June 10, 1997, motion to dismiss the judicial review granted; motion to summarily affirm granted; motion to remand denied January 7, petition for review denied June 16, 1998 (327 Or 305)

## In the Matter of the Compensation of Julio Filippi, Claimant.

### HASKELL CORPORATION and Employers Insurance of Wausau, a mutual company, *Petitioners,*

*v.*

### Julio FILIPPI, SAIF Corporation, Oregon Parks and Recreation, and Circle C. Farms, Inc., *Respondents.*

(WCB 96-00397, 96-00383, 95-04502, 95-07470; CA A95201)

953 P2d 396

David L. Runner, Special Assistant Attorney General, for motion.

David O. Horne, *contra*.

Before Landau, Presiding Judge, and Haselton and Armstrong, Judges.

HASELTON, J.

Armstrong, J., dissenting.

**HASELTON, J.**

Employers Insurance of Wausau (Wausau) seeks judicial review of the Workers' Compensation Board's order on reconsideration, in which the Board modified and republished an order on review affirming the administrative law judge's (ALJ) determination of Wausau's responsibility under ORS 656.308(1) for claimant's condition. Alternatively, Wausau seeks judicial review of the Board's subsequent order denying Wausau's request that the Board abate and republish its order on reconsideration. Respondent SAIF Corporation has moved to dismiss the judicial review of the order on review and order on reconsideration and to summarily affirm the Board's subsequent order denying abatement and republication. In response, Wausau has moved to remand the case to the Board. We grant the motions to dismiss and to summarily affirm and deny the motion to remand.

The underlying facts pertaining to claimant's condition are not germane to our consideration of these motions. It suffices to say that Wausau and SAIF dispute responsibility for claimant's back condition. The ALJ concluded that Wausau's employer was responsible for that condition. Wausau sought review of the ALJ's order, and, on October 11, 1996, the Board issued an order on review affirming the ALJ's responsibility determination.

■ On November 7, 1996, Wausau filed with this court a timely petition for judicial review of the Board's order on review. On November 8, 1996, in response to claimant's motion, the Board withdrew its order on review for reconsideration.[1]

On December 6, 1996, the Board issued an order on reconsideration. The Board modified its order on review to

---

[1] Although Wausau's petition for judicial review had already been filed when the Board withdrew its order on review, the Board retained plenary authority under ORS 656.295 to decide all matters committed to it by the legislature, limited only by ORS 656.295(8), which provides that orders become final 30 days after mailing. Thus, because the Board acted within 30 days of October 11, 1996, it had authority to withdraw its order on review notwithstanding the intervening petition for judicial review. *See SAIF v. Fisher*, 100 Or App 288, 291-92, 785 P2d 1082 (1990).

award claimant $500 in attorney fees but otherwise republished its order on review in its entirety. Wausau did not file an amended petition for judicial review within 30 days of the Board's December 6, 1996, order.

On January 17, 1997, this court issued a notice of default to Wausau for failure to cause the record to be served and filed in connection with its November 7, 1996, petition for judicial review. At that point, according to Wausau's attorney, he discovered that he had not received a copy of the Board's December 6, 1996, order on reconsideration. On January 23, 1997, Wausau asked the Board to abate and republish its order on reconsideration because Wausau's attorney had not been served with that order. Wausau did not contend that *it* had not been served, only that its attorney had not been served.

On January 28, 1997, the Board denied Wausau's request. The Board noted that, for its order on reconsideration to become final, it was necessary only that the *parties*, and not their attorneys, be served. *See, e.g., Berliner v. Weyerhaeuser Company*, 92 Or App 264, 266 n 1, 758 P2d 384 (1988). Because Wausau admitted that it had received a copy of the order, the Board concluded that its December 6, 1996, order on reconsideration had become final by operation of law and that it was without authority to abate and reconsider that order.[2]

On January 30, 1997, Wausau responded to our notice of default and moved for leave to cause the record to be filed and served. Also on January 30, 1997, Wausau filed an amended petition seeking judicial review of the Board's December 6, 1996, order on reconsideration or, alternatively, of the Board's January 28, 1997, order denying its request for abatement and republication. On February 3, 1997, we granted Wausau relief from default.

SAIF moves to dismiss Wausau's petition for judicial review as to the October 11, 1996, order on review and the December 6, 1996, order on reconsideration and to summarily affirm the Board's January 28, 1997, order denying

---

[2] The Board alternatively found that, in all events, Wausau's attorney had, in fact, been served with a copy of the order on reconsideration.

Wausau's request for abatement and republication of the order on reconsideration. SAIF contends that we lack jurisdiction with respect to the first two matters. SAIF acknowledges that the original petition for judicial review of the October 11, 1996, order was timely. However, SAIF contends that, because the Board withdrew that order and allowed reconsideration within 30 days of October 11, 1996, that order was rendered a "nullity," and, notwithstanding the intervening petition for judicial review, this court's jurisdiction was "extinguished."[3] SAIF further argues that, under ORS 656.295(8), if Wausau wished to challenge the Board's December 6, 1996, order on reconsideration, it had to file an amended petition for judicial review within 30 days, *i.e.*, no later than January 6, 1997.[4] Because Wausau did not file an amended petition for judicial review until January 30, 1997, SAIF asserts that we lack jurisdiction to review the December 6, 1996, order and that the only matter properly before us is the January 28, 1997, order.

Wausau makes three responses: (1) SAIF's jurisdictional objection is "untimely."[5] (2) The Board erred in concluding that the order on reconsideration had become final 30 days after December 6, 1996, regardless of whether Wausau's attorney was served with that order—*i.e.*, that service on a party's attorney is not a prerequisite of finality. (3) Notwithstanding the Board's alternative factual finding that Wausau's attorney had actually been served, *see* 152 Or App at 120 n 2, we should remand to the Board for an evidentiary hearing on that matter.

---

[3] In paraphrasing SAIF's argument, we do not endorse its characterization that our jurisdiction is "extinguished" when an agency withdraws an order for reconsideration. *See State ex rel Hall v. Riggs*, 319 Or 282, 294, 877 P2d 56 (1994) ("[W]here an order has been withdrawn only for reconsideration, rather than being withdrawn completely, the reviewing court retains jurisdiction over the judicial review proceeding concerning that order."); *see generally* ORAP 4.35.

[4] Thirty days after December 6, 1996, was January 5, 1997, a Sunday. Because the thirtieth day fell on a Sunday, Wausau would have had until the following Monday, January 6, 1997, in which to file an amended petition. *See* ORS 174.120; *SAIF v. Edison*, 117 Or App 455, 458, 844 P2d 261 (1992).

[5] Wausau asserts that, because, after it filed its amended petition for judicial review, it filed a document entitled "response and motion" in which it argued that this court still had jurisdiction, and because SAIF did not respond to that document within 14 days, ORAP 7.05(3), SAIF should be precluded from now raising a jurisdictional objection.

■ ■     Wausau's "timeliness" argument is unavailing. A motion challenging this court's subject matter jurisdiction can be raised at *any* time. ORAP 7.05(1)(c); *State ex rel Juv. Dept. v. Paull,* 129 Or App 227, 229, 878 P2d 1135 (1994) (state moved to dismiss for lack of appellate jurisdiction after it waived the filing of a brief and indicated it would not appear in the case); *Blundell v. Holm,* 73 Or App 346, 698 P2d 981 (1985) (motion to dismiss for lack of appellate jurisdiction made after our decision had been issued). Indeed, even if parties never raise the issue, we are obligated to consider our jurisdiction. *See, e.g., Emmert Industrial Corp. v. Douglass,* 130 Or App 267, 269, 881 P2d 827, *rev den* 320 Or 325 (1994). *Cf. State v. Threet,* 294 Or 1, 4, 653 P2d 960 (1982) (appellate court jurisdiction cannot be conferred by stipulation of the parties). Thus, whether or not SAIF previously asserted that we lack jurisdiction, we are required to examine the issue.

■     Wausau next argues that the Board's December 6, 1996, order on reconsideration is a "nullity" or "invalid" because its attorney was not served with the order. Although the argument is somewhat amorphous, we understand Wausau to be contending that, if the December 6, 1996, order was not served on its attorney, that order did not become "final" under ORS 656.295(8)—*i.e.,* unreviewable—before Wausau filed its amended petition for judicial review and, thus, it is reviewable within the ambit of the amended petition for review.

We reject that argument. Pursuant to ORS 656.295(8), a petition for judicial review of any Board order must be made within 30 days after the order is mailed "to the parties."[6] If no petition for judicial review is filed within 30 days, the order is unreviewable by this court. *See Southwest Forest Industries v. Anders,* 299 Or 205, 218, 701 P2d 432 (1985) ("No later than midnight on the 30th day the order is final, both internally and externally."); *see also* ORS 656.295(7) (requiring service of order on "the parties").

---

[6] ORS 656.295(8) provides, in part:

"An order of the board is final unless within 30 days after the date of mailing of copies of such order to the parties, one of the parties appeals to the Court of Appeals for judicial review pursuant to ORS 656.298."

ORS 656.005(21) defines "party" as "a claimant for compensation, the employer of the injured worker at the time of injury and the insurer, if any, of such employer." ORS 656.005(21). *See also* ORS 656.003 ("Except where the context otherwise requires, the definitions given in this chapter govern its construction."). Nothing in ORS 656.295(7) or (8) expands the definition of "party" or requires service on or mailing to a party's attorney before the 30-day period is triggered. *See generally Berliner v. Weyerhaeuser Company*, 92 Or App 264, 266 n 1, 758 P2d 384 (1988) (in addressing whether mailing of Board order complied with ORS 656.295(8), we observed, "Claimant is the only *party* claiming that he did not receive the order; his attorney asserts that he did not receive it either.") (emphasis in original); *cf. United Pacific Ins. v. Harris*, 63 Or App 256, 258 n 1, 663 P2d 1307, *rev den* 295 Or 730 (1983) (denying motion to dismiss under ORCP 9A on ground that an insurer's attorney was not served with the petition for judicial review: ORS 656.298(3) "requires that a notice of appeal be sent to all *parties*, [but] does not *require* that it be sent to all *attorneys* representing the parties") (emphasis in original).[7] Thus, Wausau's attorney's receipt, or nonreceipt, of the December 6, 1996, order on reconsideration was immaterial to the determination of whether that order became final for purposes of ORS 656.795(8).[8] Because Wausau did not file an amended petition within 30 days, that order became final and unreviewable.[9]

---

[7] *See also Adams v. Transamerica Insurance*, 45 Or App 769, 776, 609 P2d 834 (1980) (Gillette, J., specially concurring) ("appeals" from Board "may only be taken by a 'party'" as defined in ORS 656.005(22) and "cannot include plaintiff here," who was claimant's attorney).

[8] Given our conclusion in that regard, we necessarily deny Wausau's motion to remand.

[9] The requirements of ORS 656.295 differ from those of other workers' compensation statutes in which failure to serve a party's attorney may be material. For example, under ORS 656.319(1), a claimant must request a hearing on a denied claim within 60 days after the denial is mailed but, upon a claimant's showing of good cause, that limited period may be extended to 180 days. We have held that an insurer or self-insured employer's failure to serve the denial on a claimant's attorney may be such "good cause." *See, e.g., Freres Lumber Co. v. Jegglie*, 106 Or App 27, 806 P2d 164 (1991); *Cowart v. SAIF*, 94 Or App 288, 765 P2d 226 (1988). *See also* ORS 656.331(1)(b) (setting forth situations in which insurers and self-insured employers may not contact claimants without also contacting their attorneys); OAR 436-060-0015 (same).

■■     That, however, does not end our inquiry. Although Wausau does not so argue, SAIF acknowledges that it is at least arguable that Wausau was not required to file *any* amended petition to obtain review of the December 6 order on reconsideration, that is, that the original November 7 petition was sufficient by itself to confer jurisdiction to review not only the original (and now superseded) October 11 order but also the subsequent order on reconsideration. Having raised that argument, SAIF then refutes it. SAIF asserts that, regardless of the original petition, Wausau was required to file a timely amended petition for judicial review following the Board's issuance of the order on reconsideration and that Wausau's failure to do so is fatal. We agree.

Two provisions are pertinent. ORS 183.482(6) provides, in part:

"If the petitioner is dissatisfied with the agency action after withdrawal for purposes of reconsideration, the petitioner may refile the petition for review and the review shall proceed upon the revised order. An amended petition for review shall not be required if the agency, on reconsideration, affirms the order or modifies the order with only minor changes."

ORAP 4.35(4) provides, in part:

"(a)   After the filing of an order on reconsideration, if the petitioner desires judicial review of the order on reconsideration, the petitioner shall file an amended petition for judicial review within a period equal to that allowed for filing an original petition. * * *

"* * * * *

"(c)   If no petition is timely filed, the judicial review proceeding in the Court of Appeals will be dismissed."

Thus, ORS 183.482(6) requires the filing of an amended petition for judicial review from an order on reconsideration

---

The legislature has not created any similar mechanism with respect to ORS 656.295(8). If a petition for judicial review is not filed before the order becomes final, we lack the authority to consider *why* the petition was not timely. *Cf. Pease v. National Council on Comp. Ins.*, 113 Or App 26, 29, 830 P2d 605, *rev den* 314 Or 391 (1992) (holding that agency properly dismissed appeal not filed within statutory time limit where "the legislature has not chosen to provide a way around the limitation for those who were unable to meet it for some reason").

except when that order either completely affirms or makes only "minor changes" to the original, withdrawn order. In contrast, ORAP 4.35(4) requires the filing of an amended petition for judicial review in *all* cases.[10]

We have not decided whether ORS 183.482(6) applies to workers' compensation proceedings. *Compare United Foam Corp. v. Whiddon*, 92 Or App 492, 758 P2d 435 (1988) *with SAIF v. Fisher*, 100 Or App 288, 785 P2d 1082 (1990). *See also Fischer v. SAIF*, 76 Or App 656, 711 P2d 162 (1985), *rev den* 300 Or 605 (1986).[11] We need not resolve that issue here, because even assuming, without deciding, that ORS 183.482(6) does apply, its terms require an amended petition in this case. The Board's order on reconsideration materially differed from the original order in that it conferred additional substantive relief, *viz.* an award of attorney fees. Because the order on reconsideration did not merely "affirm [ ] the order or modif[y] the order with only minor changes," Wausau was required under ORS 183.482(6) to file a timely amended petition for judicial review. Because Wausau failed to do so, the original judicial review proceeding initiated by the November 7 petition must be dismissed. *See, e.g., Knapp v. Employment Division*, 67 Or App 231, 677 P2d 738 (1984)

---

[10] Because of that "slippage" between the statute and the rule, a party can comply with the former but nevertheless violate the latter. That is, in a case subject to ORS 183.482(6), where the agency made only "minor changes" on reconsideration, a petitioner who failed to file an amended petition would comply with the statute, but violate ORAP 4.35(4). That disparity may be a historical anomaly. At the time ORAP 4.35(4) was promulgated in 1990, the then-extant version of ORS 183.482 required the filing of an amended petition in every case. *See Nida v. Bureau of Labor and Industries*, 112 Or App 1, 3-4, 826 P2d 1045 (1992) (observing that ORAP 4.35(4) is consistent with a previous version of ORS 183.482(6)). Thereafter, the statute was amended to add the second sentence of the present text.

[11] Before 1987, it was clear that ORS 183.482(6) applied to workers' compensation proceedings. *Fischer v. SAIF*, 76 Or App at 569-60. However, in 1987, the legislature amended ORS 656.298(6) by adding the sentence, "[Judicial r]eview shall be as provided in ORS 183.482(7) and (8)." In *United Foam*, we relied on that language in holding that ORS 183.482(5) did not apply to workers' compensation proceedings. *United Foam*, 92 Or App at 493. Although *United Foam* did not discuss the applicability of ORS 183.482(6), our broader point—that the legislature "intended only what it expressly said" when it included "specific reference to specific parts" of ORS 183.482 in ORS 656.298(6)—might seem to apply equally to ORS 183.482(6). In *SAIF v. Fisher*, without referring to *United Foam*, we expressly noted, but did not reach, the question of whether the legislature, in amending ORS 656.298(6), intended to render ORS 183.482(6) inapplicable to workers' compensation proceedings. 100 Or App at 291 n 2.

(dismissal after the petitioner failed to file a timely amended petition for judicial review after issuance of an order on reconsideration).

Conversely, assuming, without deciding, that ORS 183.482(6) does not apply to review of workers' compensation proceedings, the plain terms of ORAP 4.35(4)(c) compel dismissal of the original judicial review proceeding because Wausau failed to file an amended petition for judicial review within 30 days of December 6.

Because the December 6 order on reconsideration is final and thus unreviewable by this court and because, without a timely amended petition for judicial review, review proceedings as to the October 11 order on review cannot continue, we grant SAIF's motion to dismiss.

We turn finally to the one remaining matter that *is* properly before us: Wausau's January 30, 1997, amended petition for judicial review. For the reasons described above, the only matter that is reviewable under that petition is the Board's January 28, 1997, order denying Wausau's motion to abate and republish the December 6 order on reconsideration. SAIF asks us to summarily affirm with respect to that petition. We agree that summary affirmance is appropriate. Wausau identifies no error in the Board's order beyond matters that are necessarily derivative of Wausau's arguments that we have addressed and rejected.

Motion to dismiss the judicial review granted. Motion to summarily affirm granted. Motion to remand denied.

**ARMSTRONG, J.,** dissenting.

I dissent from the majority's decision to dismiss the petition for review of the Board's order on reconsideration. In dismissing the petition, the majority asserts that it need not decide whether ORS 183.482(6) applies to workers' compensation cases. 152 Or App at 125. It bases that assertion on its conclusion that the order on reconsideration changed the original order in a nonminor, material manner. Thus, even if ORS 183.482(6) were applicable to this case, petitioner had to submit an amended petition for judicial review within 30

days of the order on reconsideration. The majority fails, however, to provide any convincing support for its conclusion that the order on reconsideration so changed the original order as to require the filing of an amended petition. Because I believe that the addition of the attorney-fee award to the order on reconsideration was not a change that required the filing of an amended petition if ORS 183.482(6) applies to this case, I believe that we must decide whether ORS 183.482(6) applies to workers' compensation cases.

The majority notes that we have questioned whether ORS 183.482(6) applies to workers' compensation cases. 152 Or App at 125 n 11 and accompanying text. *See, e.g., SAIF v. Fisher*, 100 Or App 288, 291 n 2, 785 P2d 1082 (1990). We have held that subsection (5) of ORS 183.482 does not apply to workers' compensation cases, but that was a narrow holding that was premised on the fact that that subsection includes a procedure that the legislature specifically removed from our review authority under ORS 656.298. *United Foam Corp. v. Whiddon*, 92 Or App 492, 493, 758 P2d 435 (1988). We have not held that the statute as a whole does not apply to workers' compensation cases.

Respondents argue that the legislative history of ORS 656.298 indicates that the legislature intended to make ORS 183.482(6) inapplicable to workers' compensation cases. Indeed, in *Fisher*, 100 Or App at 291 n 2, we recognized that there was some concern by the legislature about whether ORS 183.482 as a whole should apply to those cases. The concern, voiced by Senator Hill, was that ORS 183.482 was redundant of procedures already applicable to those cases or, where not redundant, was inappropriate. We further noted, however, that in the context of workers' compensation cases, subsection (6) of ORS 183.482 was neither redundant nor inappropriate. *Id.* Moreover, there is nothing in the legislative history that supports a conclusion that the legislature intended to overrule our earlier decision in *Fischer v. SAIF*, 76 Or App 656, 659-60, 771 P2d 162 (1985), *rev den* 300 Or 605 (1986), in which we applied ORS 183.482(6) to a workers' compensation case. *Fisher*, 100 Or App at 291 n 2.[1]

_____

[1] In fact, the legislative history of the 1989 amendment to ORS 183.482(6) indicates that it was adopted to respond to what one representative perceived as a

It is true that certain portions of ORS 183.482 are redundant of ORS 686.298, *see, e.g.*, ORS 183.482(1) and (4), or facially inapplicable to workers' compensation cases, *see, e.g.*, ORS 183.482(2) and (3). Unlike those subsections, however, ORS 183.482(6) is neither redundant of a provision of the Workers' Compensation Law nor, on its face, inapplicable to workers' compensation cases. In fact, there is *nothing* in our earlier decisions or in the various revisions of the Workers' Compensation Law to indicate that it should not apply to those cases. Hence, I conclude that ORS 183.482(6) applies to this case. Accordingly, the dispositive question is whether the addition of an award of $500 in attorney fees to the order on reconsideration is a sufficient modification of the original order to trigger the requirement that petitioner file an amended petition for judicial review.

The majority concludes that the award of attorney fees materially changed the original order by conferring additional substantive relief, 152 Or App at 125, and therefore required an amended petition. I disagree. I believe that the legislature amended ORS 183.482(6) to require a petitioner to file an amended petition only when the changes to the original order are significant enough to lead the petitioner to reevaluate the wisdom of going forward with the review process. Hence, minor changes are those that, from the petitioner's perspective, do not affect the essential nature and reasoning of the decision. In this case, petitioner seeks review of the Board's conclusion that petitioner is responsible for claimant's compensation. The Board's order on reconsideration did not change that conclusion or the facts and reasoning that supported it. Indeed, should petitioner prevail on review, the issue of attorney fees, insofar as it applies to

---

"glitch" that had come to light in a *workers' compensation case*. Representative Edmundson proposed the amendment to address what he saw as an unnecessary and expensive step in the judicial-review process. Referring to a workers' compensation case that was then pending before the Supreme Court, Representative Edmundson explained that one of the issues in that case was the effect of SAIF's failure to file an amended petition after the Board had withdrawn its order and then republished it without modification. He stated:

"SAIF has been caught by [this] trip in the rope. It's happened to me in other cases, in our practice in our office. We file the amended petitions and it just seems like extra expense that really shouldn't have to be gone through."

Tape recording, House Subcommittee on Civil Law, May 8, 1989, Tape 94, Side B.

petitioner, would itself be moot. In the past 15 years, the legislature has tried to streamline and make more efficient the workers' compensation process and the appeal and review process. *See, e.g.,* Or Laws 1985, ch 734, § 5; note 1 above. To require petitioner to file an amended petition when the underlying facts relevant to its decision to seek review have not changed would fly in the face of that legislative effort.

Finally, the majority concludes that ORAP 4.35(4)(a) also requires dismissal of this case. That rule requires a petitioner who has filed a petition for judicial review to file an amended petition when an agency withdraws the order on which review was sought and enters an order on reconsideration. It provides that the court will dismiss a petition if the required amended petition is not filed within the time limit that applied to the original petition. The rule apparently is based on ORS 183.482(6) as it read *before* the legislature amended it in 1989 to permit review to go forward without an amended petition when the order on reconsideration "affirms the [original] order or modifies the order with only minor changes." We have the authority to waive our rules for good cause on our own motion. ORAP 1.20(4). Because ORAP 4.35(4) is inconsistent with ORS 183.482(6), and because of the circumstances under which petitioner failed to file an amended petition in this case, I would waive ORAP 4.35(4) and permit the review to go forward.

For the foregoing reasons, I respectfully dissent from the decision to dismiss the review of the order on reconsideration.