On respondent's motion to reconsider and respondent's motion to dismiss filed October 17, 2008, reconsideration allowed; previous order adhered to; motion to dismiss denied May 20, 2009

UBA BUILDING SERVICES, INC.,
*Plaintiff,*

*and*

STATE OF OREGON,
by and through the Judicial Department
and the Multnomah County Circuit Court,
*Respondent,*

*v.*

Jenny DAVIS,
*Defendant-Appellant.*

Multnomah County Circuit Court
07F014195; A137835

208 P3d 1004

Hardy Myers, Attorney General, Mary H. Williams, Solicitor General, and Anna M. Joyce, Assistant Attorney General, for motion.

Before Wollheim, Presiding Judge, and Schuman, Judge, and Rosenblum, Judge.

SCHUMAN, J.

**SCHUMAN, J.**

After plaintiff prevailed below, the trial court entered a supplemental judgment against defendant and in favor of the State of Oregon, pursuant to ORS 21.692, for defendant's unpaid first appearance fee. Defendant appealed from that judgment, naming plaintiff and other individuals as respondents on appeal. Because the supplemental judgment was issued in favor of the state and neither disposed of any claim against any individual nor awarded attorney fees to plaintiff's attorney, the Appellate Commissioner ordered defendant to explain why the appeal should not be dismissed as to plaintiff and the other individuals. The commissioner also directed defendant to explain why the appeal should not be dismissed in its entirety because defendant had failed to serve the state, as the judgment creditor, with the notice of appeal. When defendant did not respond to the order to show cause, the commissioner dismissed the appeal for lack of prosecution.

Defendant requested reconsideration of the order of dismissal. Based on defendant's petition for reconsideration and the court's need to determine its own jurisdiction, *Haskell Corp. v. Filippi*, 152 Or App 117, 953 P2d 396, *rev den*, 327 Or 305 (1998), the commissioner asked the State Court Administrator to file a memorandum addressing: (1) whether the Oregon Judicial Department (OJD) was the real adverse party in interest on the appeal; and, if so, (2) whether the OJD had been served properly when defendant served a copy of the notice of appeal on the Multnomah County Trial Court Administrator. When the State Court Administrator did not respond, the commissioner issued an order reinstating the appeal on the ground that, because the fees collected by a trial court administrator are payable to the general fund, ORS 21.335, the judgment creditor, and real adverse party in this appeal, is the state acting by and through the OJD and Multnomah County Circuit Court. The commissioner also determined that defendant had properly served the notice of appeal on the state by serving the Multnomah County Trial Court Administrator.

The State of Oregon, by and through the OJD and the Multnomah County Circuit Court (hereinafter, the state),

moves for reconsideration of the order reinstating the appeal. The state also moves to dismiss the appeal, contending that defendant's service of the notice of appeal on the trial court administrator did not constitute service of the notice of appeal on the state, the OJD, or the Multnomah County Circuit Court, because nothing in the notice of appeal notified those entities that defendant considered them to be the real adverse party on appeal. We grant reconsideration and deny the motion to dismiss.

Because the state had no interest in the case until the trial court entered the supplemental judgment for deferred fees and costs, we determine that, by serving the notice of appeal on the parties and the trial court administrator, and by filing the original with the State Court Administrator, defendant satisfied the requirements of ORS 19.250(1)(b) and (c). As required, defendant's notice of appeal alerted both the State Court Administrator and the trial court administrator of the existence of the appeal and that the state, by and through the OJD and the Multnomah County Circuit Court, was the adverse party. Therefore, on reconsideration, we adhere to our previous order reinstating the appeal.

Reconsideration allowed; previous order adhered to. Motion to dismiss denied.