Argued and submitted July 25, reversed and remanded December 7, 1988

In the Matter of the Compensation of
Leon E. Cowart, Claimant.

COWART,
*Petitioner,*

*v.*

SAIF CORPORATION et al,
*Respondents.*

(WCB 84-02070; CA A47227)

765 P2d 226

Willard E. Merkel, Portland, argued the cause for petitioner. With him on the brief were Mary F. O'Donnell and Galton, Popick & Scott, Portland.

Darrell E. Bewley, Assistant Attorney General, Salem, argued the cause for respondents. With him on the brief were Dave Frohnmayer, Assistant Attorney General, and Virginia L. Linder, Solicitor General, Salem.

Before Buttler, Presiding Judge, and Warren and Rossman, Judges.

WARREN, J.

**WARREN, J.**

Claimant seeks review of an order of the Workers' Compensation Board on our remand. In *Cowart v. SAIF,* 86 Or App 748, 740 P2d 249 (1987), we remanded the case to the Board for a determination of whether claimant's failure to request a hearing was due to good cause, ORS 656.319(1)(b), under the standard applicable to relief from default judgments under ORCP 71B(1).

■ In his second and third assignments of error, claimant contends that he need not have sought a hearing within the time required by ORS 656.319, because SAIF's partial denial was void, either because it was an improper back-up denial under *Bauman v. SAIF,* 295 Or 788, 670 P2d 1027 (1983), or an improper attempt to terminate responsibility for an accepted claim before claim closure. *See Roller v. Weyerhaeuser Company,* 67 Or App 583, 679 P2d 341, *on reconsideration* 68 Or App 743, 683 P2d 554 (1984). Assuming, without deciding, the correctness of claimant's legal argument regarding the effect of an allegedly "void" order, *see Knapp v. Weyerhaeuser Company,* 93 Or App 670, 763 P2d 746 (1988), claimant's factual premise is incorrect. The condition which SAIF originally accepted was for left shoulder and neck pain. Although it had paid benefits for a low back condition, it did not thereby waive its right to deny the claim later. *See* ORS 656.262(9).

Claimant contends in his first assignment that the Board erred in deciding that he did not have good cause for not seeking a hearing within 60 days of SAIF's denial. We do not review *de novo.*[1] Our review is limited to the question whether the Board's conclusion is supported by its findings. The Board incorporated our statement of the facts as its findings. According to those findings, claimant's attorney had been in contact with SAIF and had asked it to mail all documents related to the claim to him. Additionally, claimant had left instructions with his attorney to challenge all denials. Claimant assumed, therefore, when he received SAIF's partial denial, that his attorney had received a copy and had taken action as instructed. In fact, SAIF did not mail a copy of the

---

[1] The petition for judicial review in this case was filed on January 19, 1988. *See Armstrong v. Asten-Hill Co.,* 90 Or App 200, 205, 752 P2d 312 (1988).

denial to claimant's attorney, although it had been in regular correspondence with him for approximately two years.

■    Although it is true that SAIF was not required by statute to serve a copy of the denial on claimant's attorney, in view of its regular correspondence with him, claimant had reason to expect that SAIF would notify his attorney if there was any significant action taken on the claim. *See* OAR 436-60-015.[2] He failed to seek a hearing on the partial denial because he believed that he had already acted to protect himself by advising his attorney to act on his behalf. We hold that the Board's findings support only the conclusion that claimant's failure to seek a hearing was excusable neglect and that claimant therefore had good cause under ORS 656.319(1)(b).

Reversed and remanded.

---

[2] OAR 436-60-015 provides:

"(1)  When an injured worker is represented by an attorney and the attorney has given written notice of such representation:

"(a)  The Director or insurer shall not request the worker to submit to an independent medical examination without giving prior or simultaneous written notice to the worker's attorney.

"(b)  The insurer shall not request suspension of compensation pursuant to ORS 656.325 without giving prior or simultaneous written notice to the worker's attorney.

"(c)  An insurer shall not contact the worker without giving prior or simultaneous written notice to the worker's attorney if the contact affects the denial, reduction or termination of the worker's benefits.

"(2)  An insurer who intentionally or repeatedly fails to give prior or simultaneous written notice to the worker's attorney as required by section (1) may receive a penalty assessed by the Director."