Argued and submitted September 28, 1990, affirmed on petition and on cross-petition February 20, 1991

In the Matter of the Compensation of
Keith L. Jegglie, Claimant.
FRERES LUMBER CO.,
*Petitioner - Cross-Respondent,*

*v.*

Keith L. JEGGLIE,
*Respondent - Cross-Petitioner,*
*and*

GREEN VENEER, INC.,
and Liberty Northwest Insurance,
*Respondents - Cross-Respondents.*

(87-10847 and 86-17048; CA A62643)

806 P2d 164

Jerald P. Keene, Portland, argued the cause for petitioner - cross-respondent. With him on the brief was Roberts, Reinisch & Klor, P.C., Portland.

Karen M. Werner, Eugene, argued the cause for respondent - cross-petitioner. With her on the brief were Richard T. Kropp and Emmons, Kropp, Kryger, Alexander & Egan, P.C., Albany.

Jerry K. Brown, McMinnville, argued the cause for respondents - cross-respondents. With him on the briefs was

Cummins, Brown, Goodman, Fish & Peterson, P.C., McMinnville.

Before Buttler, Presiding Judge, and Rossman and De Muniz, Judges.

ROSSMAN, J.

**ROSSMAN, J.**

Freres Lumber Co. (Freres), a self-insured employer, petitions for review of a decision of the Workers' Compensation Board, holding it responsible for claimant's bilateral carpal tunnel syndrome. It assigns error to the Board's determination that claimant established good cause under ORS 656.319(1) for filing a late request for hearing after Freres denied his claim. Claimant cross-petitions, making arguments that are contingent on our reversal on the petition.

In 1984, while working for Green Veneer, claimant filed a claim for a bilateral carpal tunnel syndrome. Green Veneer accepted the claim, which was closed without an award of permanent disability. Claimant requested a hearing. On January 27, 1986, a referee awarded him 10 percent scheduled disability for each wrist.

In January, 1986, claimant began working for Freres. His symptoms worsened, and, in October, 1986, Dr. Hubbard recommended that he have surgery. Green Veneer denied the request for authorization for the surgery and also denied claimant's aggravation and medical treatment claims, contending that he had suffered a new injury or occupational disease at Freres. Green Veneer filed a motion requesting the designation of a paying agent under ORS 656.307, which was denied, because claimant had not filed a claim against Freres.

Subsequently, the Workers' Compensation Department advised that Freres' receipt of information from Green Veneer constituted notice of the claim. Freres knew by January 20, 1987, that claimant was represented by an attorney, but, when it denied the claim on February 12, 1987, it did not notify the attorney. Claimant's attorney did not have actual notice of the denial until July 14, 1987, and on that date he filed a request for hearing. Because the request was filed more than 60 but less than 180 days after the denial, the referee had jurisdiction over the request only if claimant established good cause for the delay. ORS 656.319(1)(b).

In holding that claimant had good cause for filing a late request for hearing, the referee relied in part on ORS 656.331, which provides that, if an injured worker is represented by an attorney and the attorney has given written notice of such representation, the insurer "shall not contact

the worker without giving prior or simultaneous written notice to the worker's attorney if the contact affects the denial, reduction or termination of the worker's benefits." The referee found that it was reasonable, in the light of the statute and "under the circumstances," for claimant to leave the legal pursuit of his claim to his attorney, noting that the attorney had been representing him against Green Veneer since December, 1986.

The Board affirmed and adopted the referee's order, and commented:

> "Recently, the Court of Appeals in *Cowart v. SAIF,* 94 Or App 288[, 765 P2d 226] (1988), held that a claimant who failed to file a timely hearing request on the basis that he thought the insurer had sent the denial letter to his attorney, when in fact it had not, constituted excusable neglect. [94 Or App] at 291. Concluding that excusable neglect is good cause under ORS 656.319(1)(b), the court held that claimant had established good cause for the untimely filing. *Id.*

> "Similarly, in the instant case, claimant's untimely filing was based on his inaccurate belief that Freres had sent a copy of its denial to his attorney. As in *Cowart, supra,* this constitutes excusable neglect which is good cause for an untimely request for hearing."

Freres contends that *Cowart* is distinguishable and that the Board should not have relied on it. We agree that *Cowart* is different from this case. There, the claimant's attorney had asked the insurer to mail him all documents related to the claim, and the insurer's actions had misled the claimant into believing that the insurer would notify his attorney of any significant matters concerning the claim. The Board found that the claimant had failed to seek a hearing because he had advised his attorney to act on his behalf and had assumed, when he received a copy of SAIF's denial, that his attorney had also received a copy and had taken action as instructed. In fact, SAIF had not sent a copy of the denial to the claimant's attorney. We held that those facts constituted excusable neglect and good cause as a matter of law. *Cowart v. SAIF,* 94 Or App at 291.

Although the evidence in this case is different, it support's the Board's finding that, as in *Cowart,* claimant reasonably left the legal pursuit of his claim to his attorney. The

evidence also supports the Board's finding that claimant's attorney did not have actual knowledge of the denial until July, 1987. We conclude that the Board's determination that those circumstances constitute good cause is consistent with ORS 656.319(1)(b) and the cases decided thereunder.

Because we affirm on the petition, we affirm on the cross-petition without discussion.

Affirmed on petition and on cross-petition.