Argued and submitted December 13, 1999, reversed and remanded
September 13, 2000

In the Matter of the Compensation of
Ed Long, Claimant.

Ed LONG,
*Petitioner,*

*v.*

ARGONAUT INSURANCE CO.
and Wasatch Electric,
*Respondents.*

(98-02853; CA A106544)

10 P3d 958

Gloria D. Schmidt argued the cause and filed the brief for petitioner.

Jerald P. Keene argued the cause and filed the brief for respondent.

Before Landau, Presiding Judge, and Linder and Brewer, Judges.

LANDAU, P. J.

## LANDAU, P. J.

Claimant seeks review of an order of the Workers' Compensation Board (Board) upholding a Workers' Compensation Division (Division) order denying claimant's request for reconsideration on the ground that it was untimely. We reverse and remand.

The facts are not in dispute. Claimant injured his ankle at work on October 1, 1997. Employer accepted the claim. On January 20, 1998, employer closed the claim by notice of closure. It mailed a copy of the notice of closure to claimant on that date, but it neglected to mail a copy to claimant's attorney of record. Claimant's attorney was not aware of the notice of closure until March 24, 1998. On that date, claimant filed a request for reconsideration with the Division. The Division dismissed the request as untimely, because it was not filed within 60 days of the date of the notice of closure.

Claimant requested a hearing, and the administrative law judge (ALJ) reversed, reasoning that the notice of closure did not begin to run the 60-day filing deadline because it had not been mailed to claimant's attorney, as required by rule. The Board reversed the ALJ and upheld the Division's dismissal of the request for reconsideration. According to the Board, the failure to send a copy of the notice of closure to claimant's attorney may provide grounds for a penalty, but it does not mean that the notice was insufficient to begin the running of the 60-day deadline.

On review, claimant argues that, under our decision in *SAIF v. Fuller*, 159 Or App 426, 978 P2d 459 (1999), a notice of closure that has not been mailed to a claimant's attorney does not trigger the 60-day deadline for requesting reconsideration. Employer argues that the Board correctly concluded that the failure to mail a copy of a notice of closure satisfies a condition of imposing a penalty, but it does not affect the validity of the notice itself.

At the outset, we note that, in *Fuller*, we affirmed *without opinion* an order of the Board that concluded that a determination order was invalid because a copy had not been sent to claimant's counsel. The affirmance without opinion

has no precedential value. ORAP 5.20(5) ("Cases affirmed without opinion by the Court of Appeals should not be cited as authority.").

To resolve this dispute, we refer to the wording of the applicable statutes and rules. ORS 656.268(4)(b) (1997) provided that "[t]he insurer or self-insured employer shall issue a notice of closure of such a claim to the worker and to the Department of Consumer and Business Services." The Division has promulgated administrative rules to carry out the requirements of the workers' compensation statutes. *See* ORS 656.726(3)(g) (authorizing Division to "[p]rescribe procedural rules" for proceedings not reserved to the Board). Pertinent to this case is OAR 436-030-0015, which provides that an insurer must provide a copy of any notice of closure to the Department and to the parties in accordance with OAR 436-030-0020. That rule, in turn provides, in part:

"(8) The Notice of Closure shall be effective the date mailed. * * *

"* * * * *

"(9) The original and three color coded copies of the Notice of Closure shall be mailed to:

"(a) The worker (white copy);

"(b) The employer (goldenrod copy);

"(c) The department (yellow copy);

"(d) The worker's attorney, if represented.

"* * * * *

"(11) An insurer who fails to provide the worker's attorney a copy of the Notice of Closure may be assessed a civil penalty * * *."

The notice of closure is thus effective when "mailed." The question in this case is what "mailed" means. The rule expressly provides that mailing requires copies to be sent to the worker, the employer, the department, and the worker's attorney, if the worker is represented. We find it highly unlikely that a notice of closure could be deemed "mailed" within the meaning of the rule merely upon sending a copy to any one of the four listed. For example, if the insurer sent a

copy only to the employer, and not to the worker or the department, the notice of closure has not been "mailed" in any reasonable sense of the term. The rule clearly contemplates sending copies to *all* those listed before a notice of closure may be considered "mailed."

Employer insists that, in establishing a penalty for failure to send a copy of the notice of closure to claimant's attorney, the rules already prescribe all the consequences of that failure. That argument, however, begs the question. It assumes that we are imposing a consequence for the failure to send a copy of the notice to claimant's attorney that the rules do not already impose. As we have observed, the text of OAR 436-030-0020(9) itself provides that a notice of closure is "mailed" only when sent to all the parties listed in the rule. Moreover, it does not necessarily follow that, merely because the rule expresses a consequence of a violation, there may be no others.

Employer also argues that our reading of the Division's rules conflicts with *Freres Lumber Co. v. Jegglie*, 106 Or App 27, 806 P2d 164 (1991). Employer reads that decision as holding that an insurer's failure to mail a copy of a denial to a claimant's attorney does not invalidate the denial, but rather provides good cause for a late filing of a request for hearing. There is no conflict, however. In *Freres*, no party argued and we did not address the question whether failing to mail a copy of a denial to the claimant's attorney affected the timing of a request for hearing. We *assumed* that it did and held that the failure to mail a copy of the denial to the attorney was relevant to a determination of good cause for a late filing of a hearing request. *Id.* at 30-31.

Because employer did not send a copy of the notice of closure to claimant's attorney, the notice never became effective. Accordingly, the Board erred in concluding that claimant's request for reconsideration was untimely.

Reversed and remanded.