No. 790 October 30, 2024 809

*This is a nonprecedential memorandum opinion pursuant to ORAP 10.30 and may not be cited except as provided in ORAP 10.30(1).*

IN THE COURT OF APPEALS OF THE
STATE OF OREGON

In the Matter of the Compensation of
Alma Gomez, Claimant.
Alma GOMEZ,
*Petitioner,*

*v.*

COSTCO WHOLESALE CORPORATION
and Helmsman Management Services, Inc.,
*Respondents.*

Workers' Compensation Board
2000966; A176635

Argued and submitted May 31, 2023.

Ernest M Jenks argued the cause and filed the briefs for petitioner.

Ehren Rhea argued the cause for respondents. On the brief was John C. Young and Gress, Clark, Young & Schoepper.

Theodore P. Heus and Quinn & Heus, LLC filed the brief *amicus curiae* for Oregon Trial Lawyers Association.

Before Ortega, Presiding Judge, and Powers, Judge, and Hellman, Judge.

HELLMAN, J.

Affirmed.

**HELLMAN, J.**

Claimant seeks judicial review of an order of the Workers' Compensation Board (board) reversing an administrative law judge's (ALJ) order. The ALJ had set aside an employer's partial denial of a claim as procedurally invalid, or, as the ALJ characterized it, "null and void." The board reinstated and upheld the partial denial determining that it was not procedurally invalid.[1] Claimant raises four assignments of error. We review the board's order for substantial evidence and errors of law. ORS 183.482(8)(a), (c). We affirm.

In petitioner's first and second assignments of error, she argues that the board erred when it determined that the denial was not "null and void" based on two asserted violations—the lack of simultaneous mailing to both claimant and her attorney under ORS 656.331, and the lack of inclusion of mandatory language from OAR 436-060-0140(8)(a) regarding the independent medical examination. The errors petitioner identifies did not render the denial a legal nullity. An employer's denial of a claim is a nullity when there is no claim for the employer to deny. *See Altamirano v. Woodburn Nursery, Inc.*, 133 Or App 16, 20, 889 P2d 1305 (1995) ("In the absence of a claim, there cannot be a denial that has any legal effect."). A denial can also be procedurally invalid when compliance with the procedural rule was necessary before the insurer's decision could be effective. *See Long v. Argonaut Ins. Co.*, 169 Or App 625, 10 P3d 958 (2000) (holding that the lack of compliance with the mailing requirement in OAR 436-030-0020 rendered the notice of closure procedurally invalid because that rule specifically provided that the notice of closure had to be properly mailed to be effective). Neither circumstance is present here.

First, there is no dispute there was a claim. Claimant requested acceptance of bilateral de Quervain's tenosynovitis as a new or omitted condition in December 2019, and Costco denied the claim in February 2020. Second, as the board correctly reasoned, nothing in the governing statutes or the administrative rules indicate that compliance with them is required for the denial to be "effective." Specifically, the

---

[1] The board also determined that the claimed condition was not compensable. Claimant does not challenge that determination.

effectiveness of a partial denial is not based on compliance with the simultaneous notice requirement. ORS 656.262(6); OAR 436-060-0140. And a claimant's right to a worker-requested medical examination is "effective" upon a timely request for a hearing and a disagreement between claimant's treating physician and the independent medical examination, not by the notice in the denial. ORS 656.325(1)(e). Moreover, claimant does not present any arguments as to how the lack of simultaneous mailing or the wording used in the partial denial affected the substance of her claim, such as alleging that consideration of her claim was somehow prejudiced by the identified statutory violations.[2] Thus, the board did not err when it determined that the remedy for the violations claimant identified would be a civil penalty under OAR 436-060-0015(2) and OAR 436-060-0200(2), not a declaration that the denial is "null and void."

In her third assignment of error, claimant challenges the board's determination that it was the director, not the board, who had jurisdiction to consider the issue of civil penalties. The board did not commit legal error. The board can consider claims for civil penalties when they are raised in combination with a claim for compensability of a medical condition. *Icenhower v. SAIF*, 180 Or App 297, 305, 43 P3d 431 (2002). But if the sole claim is for a civil penalty, jurisdiction lies with the director. *See* ORS 656.262(11)(a) ("[T]he director shall have exclusive jurisdiction over proceedings regarding solely the assessment and payment of the additional amount and attorney fees described in this subsection.").

Before the board, claimant argued that the partial denial was null and void and she sought attorney fees, but she did not seek civil penalties.[3] The board determined that the partial denial was not null and void, and that the claimed condition was not compensable. The board therefore reversed the ALJ's order, reinstated and upheld the denial, and reversed the ALJ's award of attorney fees and costs. At this juncture, any argument that claimant wants to make

---

[2] We also observe that the ALJ found that there was no procedural violation based on the wording of the partial denial.

[3] There is also no indication in the record that claimant sought civil penalties as a remedy for the errors she identifies on appeal when arguing before the ALJ.

that relates solely to a possible civil remedy can only be raised in a separate proceeding to the director.

In claimant's fourth assignment of error, she asserts that the record lacked substantial evidence for the board to determine that the denial was simultaneously mailed to both petitioner and counsel. But the board did not make that determination. Instead, the board assumed that the partial denial was not simultaneously mailed to claimant and counsel, and nonetheless determined that the denial was not procedurally invalid on that basis. Based on our review of the record, claimant's fourth assignment of error does not identify any reversible error.

Affirmed.